## HOBEN v. THE BURLINGTON AND MISSOURI RIVER RAILROAD COMPANY.

1. **Evidence: ALLEGATIONS.** The rule requiring a conformity of allegation and proof is not materially changed by the Code of civil practice. At common law a variance was fatal — under the present system of practice, the pleading may be amended to conform to the proof.

2. **Presumptions: RULING UPON EVIDENCE.** When the record shows that an objection to evidence was sustained by the court below, without stating the ground of such objection, the appellate court will presume that the ruling was proper and affirm the same.

3. **Railroad: TORTS: NEGLIGENCE.** An employé cannot recover from a railroad company for injuries sustained by reason of the negligence of a co-employé, if he was also negligent and careless.

4. **Instructions: CONFUSION.** Instructions should be so framed as that they will not only state the law correctly, but will not, by reason of apparent contradictions and inconsistencies, confuse and mislead the jury.

5. **Railroads: NEGLIGENCE OF "BOSS."** Where several employés of a railroad company are traveling upon a hand-car, under the charge of a conductor or "boss," employed as such by the company, such employés are not chargeable with any negligence of such "boss" in the management of the car.

*Appeal from Henry District Court.*

WEDNESDAY, JUNE 20.

THE plaintiff was an employé of defendant, and as such engaged as laborer in working upon and making repairs to the defendant's railroad track. The petition alleges that, on the night of the 26th day of October, 1864, as the plaintiff, with the other hands of defendant, was returning to Mt. Pleasant, from labor, on defendant's road, in a hand-car, after dark, they were run into by a train of cars of defendant, impelled by a locomotive on defendant's track; that said hand-car was thrown from the track and plaintiff was seriously injured. And the plaintiff avers "that said injuries were caused by the carelessness and bad management of the defendant, and their agents and employés *in charge of and running said train of cars*, and that he has been greatly damaged thereby, to wit, in the sum of five thousand dollars," for which he asks judgment. There is but the one count in the petition. The defendant filed an answer containing two counts. The first count admitted that the plaintiff was employé of the defendant as stated, and that there was a collision of the hand-car with the train operated by a locomotive, but traversed or denied every other material allegation of the petition.

The second count set up as a defense that the collision and injuries to plaintiff, resulted from the negligence and carelessness of the plaintiff; that the plaintiff with the other employés on the hand-car, knowingly followed close after the defendant's train, and with such reckless and improper speed, as that upon defendant's backing down the train at the station, as was lawful, usual and necessary, said train and hand-car collided, by reason of the negligence of plaintiff and his fellows in common on the hand-car; which caused the injury to plaintiff, and was the same

injury sued for. There was a trial to a jury, resulting in a verdict and judgment for plaintiff in the sum of four hundred dollars. The defendant appeals.

*D. Rover* for the appellant, as to the question of mutual negligence, cited *O'Brien* v. *The Railroad Company*, 6 Am. Law Rep., 361; *Telfair's Adm'r* v. *The Railroad Company*, 3 Id. (N. S.), Sept., 1864; *Steeck* v. *The Railroad Company*, 7 Id., 732. Negligence a question of fact for the jury. Red. Rail. Law, 332, §§ 9 and 11; Pierce Am. Rail. Law, 272, 282, 357.

COLE, J. — The evidence introduced in this case is not brought up, but it is reasonably apparent from the bill of

1. EVI-
DENCE:
allegations.
[*infra*.]

exceptions, and it was perhaps indirectly conceded by the counsel in argument, that the recovery was based as much or more upon the want of care in the "boss" on the hand-car, as upon the careless-ness in the management of the train.

It is not denied that the persons on the hand-car were the employés of the defendant; but although they were such employés and were guilty of the negligence causing the injury, he could not recover therefor under the statements of the petition in this case.

The petition alleges that "injuries were caused by the negligence, carelessness and bad management of the defendant and their agents and employés *in charge of and running said train of cars.*" This is the plaintiff's cause of action, and he must recover upon the allegations of his petition and the proof offered in support of them, or he cannot recover at all. If the plaintiff found that his proof would not support his cause of action as stated, it was his right, upon proper terms, to so amend his allegations as that they should conform to the proof. Revision, § 2977.

Such amendment and proof should relate to substantially the same claim as set out in the original petition.

The rule of law requiring a conformity of allegation and proof (*allegata et probata*) is not materially changed by the Code. The consequences of a variance, however, are not so prejudicial as under the common law practice. At the common law, a variance was fatal to the action. Under our Code, any amendments necessary or proper to effectuate the ends of justice to the parties upon the matter in controversy may be made upon such terms as to costs, &c., as shall protect the rights of the parties, and the action may be prosecuted to final determination. What has been said relates to material amendments. Of course, mere verbal, technical or other variances, not affecting the merits, will be disregarded.

II. During the trial of the case, and after the plaintiff had been examined in chief, the defendant, on cross examination, put to the plaintiff this question: "Are you suing here for your own benefit, or for the benefit of yourself and some other person or persons?" This question was objected to, and the objection sustained, and this ruling is assigned as error. The bill of exceptions does not set forth the ground of objection, and in such case the rule is, if the question was vulnerable to any objection, it will be presumed in the appellate court that such valid objection was the one made, and hence rightfully sustained. It does not appear that the question was proper cross-examination, since none of the direct examination is shown by the bill of exceptions. We are left, then, no basis of decision, except the presumption that the District Court decided correctly, and thereon must affirm its ruling. The bill of exceptions shows the same state of facts as to the question put to the witness called by the defendant.

III. On motion of plaintiff's counsel, the court gave

the following, among other instructions, which was duly

3. RAIL-
ROAD:
torts: neg-
ligence.

excepted to by the defendant: "6. If the plain-
tiff was returning with his 'boss,' with the hand-
car to its proper station, and those in charge of
the train knew they would be so returning after the train,
and the train arrived at or near the station in Mt. Pleas-
ant, and then, unmindful of the returning workmen, ran
the train back and into the hand-car, while plaintiff, his
'boss,' and other hands were bringing said hand-car to its
proper station, and did this in the darkness of night, with-
out usual lights, ringing, or usual alarm, and plaintiff was
materially injured thereby, the defendant is liable and
plaintiff is entitled to recover.".

This instruction ignores entirely the question of the
plaintiff's carelessness, or whether he had full knowledge
of the movements of the train, although without the usual
signals and lights, and wantonly caused the collision. Sup-
pose the plaintiff knew of the movements of the train and
either carelessly or wantonly ran the hand-car against it,
could it be claimed that he would, in such case, be entitled
to recover? It seems to us not, and yet every fact set out
in the instruction may have been fully proved, and these
additional facts also proved, and under the instruction, the
plaintiff would still be entitled to recover.

The instruction should have been so qualified as to
exempt the defendant from liability in case the wantonness
or carelessness of the plaintiff materially or approximately
contributed to the accident causing the injury. The
fourth, fifth, seventh, ninth and tenth instructions are
vulnerable to the same objections.

It is true that the court, on motion of the defendant,
gave an instruction, numbered five, as follows: "That if

4. INSTRUC-
TIONS: con-
fusion.

the jury find from the evidence that plaintiff
was in fault, and that his fault contributed mate-
rially or approximately to the collision and injury, then

plaintiff cannot recover." This instruction contains, in substance, the proper modification of the instructions given on motion of plaintiff and excepted to as above.

But the difficulty is, that each of the instructions named states a certain series of facts and then says to the jury, if those facts are proved, the plaintiff is entitled to recover; whereas, if the facts stated in the defendant's instruction are also proved, the plaintiff is not entitled to recover.

In view of the peculiar phraseology of the plaintiff's instructions, it is highly probable, if not absolutely certain, that they would mislead the jury, unless the qualification was stated in connection with the instructions themselves. To put the qualification in a separate instruction at the instance of the opposite party, has the appearance to the jury of giving two sets of instructions in conflict with each other, and leaving it optional with them which they will adopt. The instructions should be consistent as a whole, in fact, and with each other, and thereby avoid the probability of misleading. Ordinarily where the whole law of the case is given to the jury, although at the instance of the different parties, this court will not interfere. But the law must not be so given as to present a conflict, or otherwise to mislead the jury.

The defendant asked the court to instruct the jury, "that under the state of the pleadings the jury cannot consider any evidence of plaintiff tending to show that there was a foreman in charge of the men on the hand-car by authority of the railroad company, and no negligence or act of the foreman in controlling the hand-car or men on it can prejudice the defendant."

1. EVI-
DENCE:
allegations
(*supra*).

The court refused to give this instruction. That such refusal was error is apparent from the observations made under the first point in this opinion.

The defendant also asked the court to instruct the jury

"that if they find there was negligence in the manner of running the hand-car and on the part of those running it, then each one of those persons are chargeable with such negligence unless they dissented therefrom in some manner." The court refused this instruction, and we think rightly.

<div style="margin-left:2em;">5. RAIL-<br>ROADS:<br>negligence<br>of boss.</div>

If the hand-car was under the charge of a conductor or "boss" employed as such by the railroad company, it is difficult to see why other employés or passengers on it should be chargeable with any negligence of such conductor more or different from what like employés or passengers on a locomotive train would be.

The responsibility and subordination requisite in each case, is the same in kind though possibly different in degree. If the railroad company placed a person in the charge of the hand-car, and gave him control over it and the other employés upon it, the liability of the company for his negligence ought not to be parceled out among the subordinate employés, unless it was in some manner, either expressed or implied, voluntarily assumed by them.

WRIGHT, J. — I desire to say, that, conceding the premises, I concur in the conclusion reached in the foregoing opinion. In the construction given to the record, however, by the majority I do not concur. There is no evidence before us, and I see nothing to indicate that plaintiff did not recover alone and strictly upon the precise case made by pleadings and record. And thus holding and construing the record, I have no hesitation in reaching the conclusion that the judgment below should be affirmed. As to the instructions, I am equally clear that those given at the instance of defendant removed all possible ground of prejudice, resulting from those given at the instance of plaintiff. Reversed.