WOOLSEY V. WILLIAMS.

1. **Pleading**: PROOF MUST CORRESPOND WITH THE ALLEGATIONS: PROMISSORY NOTE. The evidence in a case must correspond with the allegations of the pleadings, and the rights of the parties must be determined upon the facts put in issue thereby.

2. —— It is accordingly *held*, in an action against an indorser of a promissory note, that under an allegation that the plaintiff used due diligence in the prosecution of a suit against the maker, evidence that such suit would have been unavailing, because of the insolvency of the maker, is not admissible.

*Appeal from Keokuk Circuit Court*

THURSDAY, JULY 25.

ACTION upon the indorsement of a promissory note dated September 3, 1860, due January 1, 1861, executed by C. W. Rose, and payable to defendant, who indorsed the same to plaintiff. The petition alleges that the note was made and indorsed in the State of Illinois, where all the parties then resided. It is further averred that plaintiff used due diligence to collect the note of the maker, by the institution of an action, in which a judgment was rendered on the 23d day of October, 1861, and that an execution issued thereon was returned "no property found." The petition contains no allegation of the insolvency of the maker of the note. Upon the trial, a statute of Illinois was given in evidence, to the effect that an assignor of a promissory note is liable to the assignee, if due diligence has been used by the institution of an action against the maker of the note, or if such suit would have been unavailing, or the maker had absconded, or left the State when the note fell due.

Evidence was introduced by the plaintiff, against the objection of defendant, showing that the maker of the

note had no property subject to execution, was insolvent, etc., at the maturity of the note, and even after," etc.

The court found that, at the maturity of the note and up to the time of the commencement of the suit, the maker was insolvent, and a suit against him commenced, at any time after the note fell due, would have been unavailing.; and that at the time of the execution, transfer and maturity of the note, all the parties thereto were residents of Illinois. There is no finding that due diligence was used in the prosecution of a suit against Rose. Upon these conclusions of facts, the court found the law for plaintiff, and rendered judgment against defendant, from which he now appeals.

*G. D. Woodin* for the appellant.

*C. H. Mackey, Donnell & Fonda* for the appellee.

BECK, Ch. J. — The judgment of the court below is based upon the facts of the insolvency of the maker of the note, and that a suit, at any time, would have been unavailing, which were found upon the evidence objected to by defendant. The court did not find that due diligence had been used in the prosecution of an action. The statute of Illinois provides that, if the suit would have been unavailing, or the maker of the note has absconded or left the State, recovery against the indorser may be had, as if the diligence required had been used.

In the petition, the plaintiff alleges the diligence in the prosecution of the action, required by the Illinois statute, as the foundation of his right to recover against the indorser. He is permitted to show, without any averment of the kind in his petition, that such diligence would have been unavailing, and, upon the finding of this state of facts, the court renders judgment against defendant.

The evidence did not correspond with the allegations of the petition, and the fact found by the court upon which

the judgment is based, was not in issue. The judgment cannot, therefore, be supported.

No principle of law is better understood than the one which the proceedings in this case violate, namely, the evidence must correspond with the allegations of the pleadings, and the rights of the parties must be determined upon the facts in issue. *Lumbert & Co.* v. *Palmer*, 29 Iowa, 104.

Counsel for appellee insist that the petition, in stating that an execution, issued upon the judgment set out therein, was returned, no property found, sufficiently alleges the insolvency of the maker of the note. All that is shown by such fact is that, at the time the execution was returned, the maker of the note was insolvent. It does not show that at the maturity of the note, or at any time thereafter, except at the particular time the execution was returned, the defendant's condition was such that a suit against him would have been unavailing.

Other questions raised by counsel need not be considered, as the judgment, for the error above pointed out, must be

Reversed.