Felix T. Hughes, Appellee, v. Keokuk & Hamilton Bridge Company, Appellant.

**PLEADING: Issues, Proof, and Variance—Total Failure of Proof.** Failure of proof results from pleading a claim for money and proving a claim payable in part in money and in part in other personal property. (See Book of Anno., Vol. I, Sec. 11177, Anno. 60 *et seq.*)

Headnote 1: 31 Cyc. p. 714.

Headnote 1: 21 R. C. L. 608 *et seq.*

*Appeal from Keokuk Superior Court.*—William S. McNamara, Judge.

October 19, 1926.

Rehearing Denied December 17, 1927.

Suit to recover for attorney's fees. From a judgment entered on a verdict by the jury in favor of plaintiff, defendant appeals.—*Reversed.*

*O'Harra, Walker & Sheridan,* for appellant.

*B. A. Dolan* and *E. W. McManus,* for appellee.

Albert, J.—Plaintiff alleges in his petition that the New York Trust Company brought suit in the district court of the United States in and for the southern district of Iowa, eastern division, for judgment and foreclosure of a mortgage and the appointment of a receiver and other matters. Plaintiff was employed as counsel, to resist and defeat such foreclosure proceedings, if possible, and to care for defendant's legal rights in the premises. He performed said services, and avers that said suit of foreclosure has been abandoned. He further says that the corporate character of the defendant had expired, and that, through his efforts, the legislature of Iowa passed an amendatory act, restoring its corporate rights; that he made a charge for his services of $50,000; "that a compromise was thereafter effected, by which defendant agreed to pay plaintiff, and plaintiff agreed to take, $40,000 for all of said services;" that $20,000 had been paid thereon; that defendant neglects and refuses to pay the balance, and plaintiff asks judgment therefor.

The evidence of appellee, and in fact the undisputed evidence in the case, shows that, if a compromise was effected in these matters, it was on the basis that appellee was to be paid $10,000 cash and $30,000 in bonds of the defendant company, to be issued in the future. The defendants, by way of motion in arrest of judgment, both at the close of plaintiff's testimony and at the close of all the testimony and at various other times in the proceedings, insisted that appellee was not entitled to go to the jury, because of a failure of proof, the point being that the compromise testified to by appellee was not the compromise described in the petition. As we are met with this question at the threshold of the case, we will dispose of it first.

The point raised is not a question of variance, as referred to in Sections 11177 to 11179, Code of 1924, but is controlled by Section 11180 of said Code, reading as follows:

"When, however, the allegation of the claim or defense to which the proof is directed is unproved in its general meaning, it shall not be held to be a case of variance within the three preceding sections, but a failure of proof."

We have applied this section in the following cases: *Hoben*

*v. Burlington & M. R. R. Co.*, 20 Iowa 562; *Woolsey v. Williams,* 34 Iowa 413; *Saatoff v. Scott,* 103 Iowa 201; *Heim v. Ressel,* 162 Iowa 75.

Under the statute and the construction placed upon it by the aforesaid cases, it is undoubtedly correct to say that the appellee failed to make his proof support his allegations, and the court erred in not sustaining the motion to direct on this ground. When this matter was called to the attention of the plaintiff, we know of no valid reason why he could not have taken advantage of his statutory right and amended his pleading to conform to the evidence; but, having failed to do so, he elected to take his chance as to the correctness of his position, and, having found that his position was wrong, he should be required to abide the consequences. The reason for this is that, under the allegations of his petition, plaintiff says, in substance, that his contract was that he was to be paid in money. Such is the deduction to be made from his allegations, and this is the presumption of law, in the absence of any other provisions of the contract. 30 Cyc. 1187, III, A.

This necessitates a reversal of the case; hence we give no attention to the other questions raised.—*Reversed.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.