## CARSON v. CROSS.

1. ALLEGATION OF DUE DILIGENCE. A strong case should be made to justify the granting of a new trial on the ground of the newly discovered evidence of a witness who was subpenaed and in court at the trial. A general allegation that the party making the application has used due diligence to obtain the evidence is not sufficient; he must show what he did do that the court may judge of its sufficiency.

*Appeal from Iowa District Court.*

WEDNESDAY, JANUARY 14, 1863.

ACTION before a Justice of the Peace, and judgment for the plaintiff. The defendant appealed to the District Court, where the cause was tried before a referee, who found for the plaintiff in a sum less than the judgment of the justice. The plaintiff moved the court to set aside the report of the referee for the reasons: 1. That the finding was against the law and evidence: 2. Because of newly discovered evidence which would render a different finding certain. This motion was overruled and the plaintiff appeals.

*Martin & Driver* for the appellant.

*J. H. Murphy* for the appellee.

WRIGHT, J.—Plaintiff appeals, and assigns for error the action of the District Court in adopting the report of the referee appointed to hear and determine all matters involved in a case of mutual accounts. *First,* it is claimed that the finding of the referee was against the evidence; the testimony, however, instead of being conclusive against the finding, decidedly preponderates in favor of it. And, therefore, treating the finding as a special verdict, we have no right to set it aside.

The *second* point is, that plaintiff showed that he had, since the hearing, discovered testimony which was material and would change the result. A conclusive answer to this is that he does not show what diligence he used to obtain this testimony. The witness, whose affidavit accompanies the motion to set aside the report, and who is relied upon to change the result on a second hearing, was subpenaed by the plaintiff and present at the first trial. A general allegation that a party used due diligence to obtain testimony is not sufficient. He must show what he did do, that the Court may judge of its sufficiency. And a very strong case indeed should be made to justify a new trial on this ground when the witness relied upon was subpenaed and in Court. We have no such case before us, nor one approximating it. (1 Iowá, 216.)

　　　　　　　　　　　　　　　　　　　　Affirmed.