## COHOL v. ALLEN.

1. **Appeal:** TO SUPREME COURT: WITHIN WHAT TIME TAKEN. An appeal to the supreme court from a judgment on a verdict, must be taken within six months from the rendition of the same.

2. —— It was accordingly *held*, that an appeal from a judgment rendered on a verdict, and from an order dismissing a petition for a new trial filed under section 3116 of the Revision, only authorized a review of the action of the court upon the petition for a new trial, and not of the proceedings prior to and resulting in the verdict and judgment, more than six months having expired since the rendition of the same when the appeal was taken.

3. **New trial:** NEWLY-DISCOVERED EVIDENCE. An application for new trial on the ground of newly-discovered evidence, is insufficient if it fails to state *the facts* constituting due diligence. Nor will a new trial be granted when the evidence is cumulative.

4. —— PRACTICE. Where a petition for new trial is filed under section 3116 of the Revision, the rights of the petitioner may be properly determined on demurrer to the petition.

*Appeal from Ringgold Circuit Court.*

TUESDAY, OCTOBER 28.

THIS is an action to recover for the seduction of the daughter of plaintiff by the defendant. There was a verdict and judgment for plaintiff. Defendant appeals. The facts appear in the opinion.

*Warner & Post* for the appellant.

*W. T. Laughlin* for the appellee.

BECK, Ch. J. - The verdict for plaintiff was rendered upon the 20th day of August, 1870, and within the time prescribed by law defendant interposed a motion for a new trial upon the ground that the findings of the jury were not supported by the evidence, and were in conflict with the instructions given by the court, and that the law was incorrectly given by the court to the jury. The motion was submitted to the court at the term the case was tried, and taken under advisement until the

following term, when defendant filed an amendment to his motion, setting out newly-discovered evidence as another ground for a new trial. This the court refused to consider as an amendment to the motion, but ordered that it be considered as a petition for a new trial under Revision, section 3116. The motion was overruled and judgment rendered on the verdict, and the petition for a new trial was continued to the next term. This action was had at the February term, 1872. At the May term following, the application for a new trial upon defendant's petition came on for hearing. The plaintiff demurred to the petition on the grounds, among others, that diligence in procuring the evidence at the trial is not shown, and no excuse is given for failure to procure the evidence, and because the evidence alleged to be newly discovered is simply cumulative, and is not of such a character as to be decisive of the case, and warrant the conclusion that the verdict upon a new trial would be different from the one already rendered. The demurrer was sustained and judgment rendered accordingly, on the 18th day of May, 1872. On the 18th day of November, 1872, defendant perfected his appeal.

1. The appeal was not taken in time to authorize us to review the proceedings prior to the judgment upon the verdict. Appeals to this court must be taken within six months. Acts 13th General Ass., ch. 41, § 2. The time prescribed in which defendant could appeal from the judgment on the verdict had elapsed before the proper steps were taken to bring the case for review into this court. So far as the appeal relates to the proceedings ending in the judgment upon the verdict, it is dismissed. The action of the court in refusing to regard the showing touching the newly-discovered evidence as an amendment to the motion for a new trial, is a part of those proceedings, and we cannot review it. We are therefore not permitted to consider the objections urged by counsel to this and other rulings made in the progress of the case.

II. We think the petition for a new trial does not present

facts authorizing the relief sought. It fails to show facts constituting diligence in efforts to procure the evidence at the trial. The statements on this point are simply averments of inability to produce, and efforts to obtain evidence generally, without sufficiently stating what was done, which is claimed to be proper diligence. *Carson* v. *Cross*, 14 Iowa, 463 ; *Darrance* v. *Preston*, 18 id. 396.

*2. New trial.*

III. There is still another reason upon which the court's action is fully justified. The evidence which is claimed to be newly discovered is simply cumulative and in corroboration of other witnesses who testified in behalf of defendant. The plaintiff testified that at a certain time, and place she witnessed criminal intercourse between defendant and her daughter. The defendant and the daughter in their evidence both deny the act. The newly-discovered evidence set out in defendant's petition is that of a witness who was present at the time and place and, as it is claimed, will testify that the act was *not* committed. The evidence set out in the petition is simply the statement of occurrences and acts which took place at the time and place as testified to by defendant, and the girl with whose seduction he is charged. They related in their evidence that certain words were spoken and certain acts were done, and others not done. The witness who is mentioned in the petition, it is claimed, will testify to the same things. However difficult it may be in some instances to determine just what is cumulative evidence, it is not so in this case. The evidence in question is simply a repetition of the same things by another witness, and is undoubtedly cumulative in character. It is of the same kind as that pronouced cumulative in *Sturgeon* v. *Ferron*, 14 Iowa, 160.

We are of the opinion that because of the cumulative character of the evidence newly discovered, a new trial was properly refused defendant.

IV. Counsel for defendant insists that the court erred in trying the application for a new trial upon the demurrer; that the proper course would have been to establish the allegations found therein by proof, and then

*3. —— practice.*

determine the sufficiency of such evidence. The demurrer admitted the allegations of the petition; nothing more could have been accomplished by the introduction of evidence. We do not see that defendant was prejudiced. At all events he made no objection to the course pursued by the court, and took no exceptions thereto. He cannot be heard to complain for the first time in this court.

The judgment of the circuit court is

Affirmed.