STUCKSLAGER v. McKEE.

**New Trial**: DILIGENCE: NEWLY DISCOVERED EVIDENCE.  In a proceeding for a new trial on the ground of newly discovered evidence, both the statute and the rule of common law require proof of diligence to discover the evidence before the trial.

*Appeal from Cedar District Court.*

THURSDAY, MARCH 18.

THIS proceeding was commenced November 11, 1873, to obtain a new trial on the ground of newly discovered evidence. The two causes in which the new trial is sought were actions upon two notes made by the defendant to Thomas Marlow or bearer, and in each of which the defense was a denial of the execution of the notes.  At the November Term, 1872, the causes were tried to a jury, who found for the defendant; a motion for a new trial was overruled, and judgment rendered on the verdict November 28, 1872; and thereafter a notice of appeal to the Supreme Court was served.  The petition sets forth the discovery of new evidence, consisting of admissions by the defendant to one J. J. Huber of the execution of the notes, and also avers diligence to discover it.  Upon the hearing the District Court granted the new trial.  The defendant appeals.

*J. S. Salisbury* and *Thompson & Davis*, for appellant.

*Wolf, Landt & Yates*, for appellee.

COLE, J.—This proceeding is under Code, Secs. 3154 and 3155, to obtain a new trial because of newly discovered evidence after the trial, which could not with reasonable diligence have been discovered before.  The abstract shows that " all the evidence given on the trial " is before us.  A careful examination of the evidence fails to discover a single word of testimony showing any diligence whatever.  The newly discovered witness, J. J. Huber, testifies: " The reason why I kept quiet was because I do not want anything to do with

law; I didn't want to be a witness in the case, * *. * . I don't know but I may have had some conversation with Watson Huber and the other man about McKee's talk with me, but I did not disclose anything that would be brought into court about the matter. McKee frequently came to my store and bought goods of me, and talked about the liquor question, the law and local affairs." This is relied upon, in argument by appellee's counsel, for the purpose of showing that diligence would have been unavailing. But this it will not do. For aught that appears in this case, the plaintiff may have known of this evidence before the trial. He does not show that he did not; nor does he show that he made any effort whatever to discover it. The petition, it is true, alleges both want of knowlege and diligence; but the statute says, " the petition shall be considered as denied without answer." Both the statute and the rule of the common law require proof of diligence to discover the evidence before the trial, and in the absence of it, a new trial for that cause must be denied. Code, Sec. 3155; *Lisher v. Pratt*, 9 Iowa, 59; *Richards v. Nuckolls*, 19 Iowa, 555; *Alger v. Merritt*, 16 Iowa, 121, and many other cases.

REVERSED.

MILLER, CH. J., took no part in the decision of this case.