WOODMAN v. DUTTON.

1. **New Trial:** NEWLY DISCOVERED EVIDENCE. Newly discovered evidence, which would have the effect to change the result of the former trial; cannnot be treated as immaterial.

2. ———: PETITION FOR: PLEADING. A petition for a new trial on the ground of newly discovered evidence, under section 3155 of the Code, which alleges that the grounds for new trial could not, with reasonable diligence, have been discovered before, is not vulnerable to a demurrer.

*Appeal from Story Circuit Court.*

THURSDAY, OCTOBER 24.

ON the 12th of March, 1877, the plaintiff filed his petition claiming of the defendant the sum of two thousand three hundred and sixty-three dollars and twenty-three cents, on account of alleged deposits with the defendant of one thousand dollars December 4, 1874, and one thousand dollars February 8, 1875, and the further sum of one thousand and thirteen dollars and forty-four cents, on account of deposits alleged to have been made by H. P. Stolp, the claim for which plaintiff alleges has been assigned to him. The cause was tried by the court, and on the 22d day of October, 1877, judgment was rendered in favor of plaintiff for the sum of two thousand three hundred and five dollars and sixty cents, and costs, on account of the two alleged deposits of December 4 and February 8.

On the 11th of February, 1878, the defendant filed a petition for new trial upon the ground of newly discovered evidence, alleging that "he can prove by N. F. Nicholls and Edward A. Bradley, of Kane county, Illinois, and by Robert Richardson, Robert A. Gardner, Christian Olinger, David Child, George H. Hemstock, and John V. Waldron, of Story county, Iowa, that on or about the spring and summer of A. D. 1875, and during the summer of 1876, and spring and summer of 1877, they, and each of them, had a conversation at different

times with the plaintiff, George E. Woodman, in which the said George E. Woodman claimed that the said O. B. Dutton owed him one thousand dollars as a balance due for money deposited, and that in all of said several conversations the said George E. Woodman did not claim from the said O. B. Dutton more than one thousand dollars as his due for money deposited with said Dutton. Defendant further says that he can prove by David Childs and George W. Shugart, of Story county, Iowa, that in certain conversations which they had with plaintiff, George E. Woodman, in the summer of 1877, he, the said Woodman, admitted that he and defendant had settled all of their accounts for money left with defendant Dutton on deposit, except eight hundred or a thousand dollars, and that that amount was for a draft of one thousand dollars which plaintiff and his partner had shipped stock to Chicago, and it was sold and the money, one thousand dollars, was sent to plaintiff and in plaintiff's name, and that he (plaintiff) had deposited it with defendant Dutton, and that defendant Dutton had paid it out to plaintiff's partner in purchasing stock; that the evidence of the said George W. Shugart will also prove that in the conversation referred to the said Woodman said that the book account for money of defendant O. B. Dutton against him was correct, but that his partner, Stolp, had overdrawn and got the money, and was to blame for the trouble. Defendant further says that he can prove by the said Christian Olinger that plaintiff admitted to him, in the conversation referred to on or about the summer of 1875, that he (Woodman) was out about twenty-five hundred dollars in buying stock with his partner, Stolp, and that he had examined the books of the defendant, Dutton, and could find nothing wrong with them; that he then went to see his partner, Stolp, and that Stolp had given or paid him fifteen hundred dollars of the amount, and that he was yet out about one thousand dollars, and that he believed that Dutton or Stolp, one or the other, had it, and he did not know which, but that he could not find anything wrong with Dutton's books.

"Defendant further says that he can prove by one Isaac R. Horton, of Story county, Iowa, that the plaintiff, Woodman, stated in a conversation with him in A. D. 1876 that in his (Woodman's) shipping stock from Story county he was out six or seven hundred dollars, or about that amount, and he did not know who had it, but he could collect it off of O. B. Dutton, and a good deal more if he wanted to, but if he got about that amount, which was due him, that was all he cared for. He also said that Dutton did not understand his business, and that he had the advantage, and if he wished to he could collect a great deal more from him; but that if he got six or seven hundred dollars, or about that amount, that was all he cared for, as that would make him whole; that he had lost that amount, but did not know who had it; that said conversation was in reference to shipping stock from Story county, Iowa, with one Stolp, and that they had done their business through the bank of O. B. Dutton; * * * * * that defendant had no knowledge of the existence of said evidence, nor the admissions of plaintiff, at the time of the trial of this cause at the October Term, 1877, of this court, and could not with reasonable diligence have discovered it; that he placed the management of his cause in the hands of his attorneys, and followed their directions in procuring evidence; that there was no means by which he could discover said evidence."

To this petition the plaintiff demurred as follows:

"1.   That the statements and allegations of said petition do not entitle the defendant to a new trial.

"2.   That the matters and things proposed to be proven, as set out in said petition, are not material, and, if proven, would not entitle defendant to a different result from that had upon the trial.

"3.   That the matters and things proposed to be proven, as set out in said petition, are cumulative to the testimony introduced on the trial.

"4.   That it does not appear from said petition that due

Woodman v. Dutton.

diligence was exercised to discover said proposed testimony before the trial."

The court sustained the demurrer, dismissed defendant's petition for a new trial, and rendered judgment against him for costs.

The defendant appeals.

*J. S. Frazier, F. D. Thompson* and *H. C. Henderson*, for appellant.

*Barcroft, Given & Drabelle*, for appellee.

DAY, J.—It is claimed by the appellee that the proposed evidence is immaterial, in that if it had been produced upon the trial the result would have been the same. It is not very clear to us that the evidence, as it stood upon the former trial, preponderates in favor of the plaintiff. Indeed some of the members of this court think the preponderance is in favor of the defendant, and would have been better content if, upon that evidence, the judgment had been for the defendant. Evidence of the statements of the plaintiff, claiming of defendant a much less sum than he recovered, would be entitled to great weight, and, in connection with the other evidence produced, would clearly have justified, if it did not require, a judgment for the defendant. We cannot, therefore, hold that the proposed testimony is immaterial.

II. It is further claimed that the proposed testimony is merely cumulative. We have examined with much care the testimony offered upon the former trial, and we feel satisfied that the claim that the testimony proposed is simply cumulative is not supported by the record.

III. It is claimed that it does not appear that due diligence was exercised to discover this evidence before the trial. It must not be overlooked that the questions presented arise upon demurrer to the petition. The application for new trial is made under sections 3154–5 of the Code.

*1. NEW trial: newly discovered evidence.*

*2. ——: petition for: pleading.*

The petition alleges that defendant could not, with reasonable diligence, have discovered the testimony before the trial. It complies with the requirements of section 3155. What was done by defendant to procure evidence, or what facts existed showing that the exercise of diligence could not have procured the testimony, is a matter of evidence. In affidavits in support of a motion for new trial these should be set out, because the affidavits supply the evidence upon which the court acts. But a petition for a new trial, which must be supported by evidence in the ordinary way, is not vulnerable to a demurrer which alleges, in the language of the statute, that the grounds for new trial could not, with reasonable diligence, have been discovered before.

The demurrer, we think, should have been overruled.

REVERSED.