KRUIDENIER BROS. *et al.* v. SHIELDS *et al.*

1. **Appeal**: IN APPLICATION FOR NEW TRIAL: FINDING OF COURT. An application for a new trial under section 3155 of the Code, based on grounds discovered after the term at which the verdict is rendered, is triable by ordinary proceedings, and where the evidence on which the ruling is made is conflicting, this court cannot interfere on the ground of insufficient evidence to sustain the order.

2. **New Trial**: EVIDENCE NOT IN CASE CONSIDERED BY JURY. Where evidence not in the case is improperly taken to the jury room and considered as evidence by the jury, that fact, without further inquiry as to its effect, is ground for a new trial. (See opinion for application of rule.)

*Appeal from Mahaska District Court.*—HON. DAVID RYAN, Judge.

FILED, MAY 17, 1889.

PETITION by plaintiffs for a new trial under section 3155 of the Code. There was an order granting a new trial, and the defendants appeal.

*Geo. W. Lafferty* and *G. C. Morgan*, for appellants.

*Bousquet & Earle* and *John F. Lacey*, for appellees.

GRANGER, J.—The sufficiency of the petition in this case was determined in this court, and the case is reported in 70 Iowa, 428. It is again before us on errors assigned upon the trial.

The action was upon a promissory note, the execution of which was admitted. The examination involved to some extent an inquiry as to who wrote a certain receipt, there being testimony that the same person wrote the receipt and the note in suit. The receipt was in evidence, but not the note. After the jury retired for deliberation, they desired the note for comparison with the receipt, and sent the bailiff for it. The papers in the

case, with a copy of the note attached, were taken to the jury. The copy was not in the handwriting of the original note, but it was used by the jury supposing it to be the original. These facts are not disputed. The main controversy is, how did these papers get to the jury? As to this, the testimony is not entirely clear, and there is a dispute as to the facts. Appellees insist that they were there without their knowledge or consent, while appellants claim that the testimony shows that they were sent there by the court when the attorney for appellees was present, and without objection; or that the court, after sending them, notified the attorney, and that no objection was made. The facts in this respect are in dispute, and are to be found from the evidence. This is an ordinary proceeding for the purpose of trial. Code, sec. 3155. We only consider errors assigned and argued in such cases. It could not well be disputed that, if the jury without consent of the appellees had a copy of the note, and used it as evidence on the theory that it was the original when it was no part of the testimony introduced, it would necessitate a new trial. The court below seems to have found the facts with the appellees. The testimony was admitted against the objections of the appellants, tending to show the effect of the note as evidence on the minds of the jury; and their answers tend to show that, in consequence of it, they arrived at an entirely opposite conclusion; and it is urged that, under the decisions of this court, such testimony is incompetent. If, for the purpose of the case, we concede this, the result is not changed; as, with our view, if the note was improperly there and used as evidence, that fact, without inquiry as to its effect, should necessitate a new trial; and such fact must have been found by the district court.

AFFIRMED.