## WISHARD v. McNEIL.

1.   **Appeal**: TIME FOR TAKING : PETITION FOR NEW TRIAL.   Judgment
by default for want of an answer was entered against defendant
December·17, 1887.   June 5, 1888, he filed a petition for a new trial,
under section 3154 of the Code, on the grounds of fraud and
unavoidable casualty, which was stricken from the files.   Within
six months after the last order, but more than six months after the
default judgment, he appealed to this court.   Plaintiff moves to
dismiss the appeal as to the default judgment because not taken in
time.   *Held* that, though the appeal could not properly be regarded
as taken from that judgment, yet that judgment was involved in
the appeal from the order striking the petition for a new trial from
the files, and hence the motion could not be granted.

2. **New Trial:** GROUNDS OF; UNAVOIDABLE MISFORTUNE. After a judgment by default had been entered against defendant he filed a petition for a new trial, under section 3154 of the Code, in which he showed that he had in due time employed an attorney to prepare and make his defense. and had fully advised him of the facts in the case, and that he was then called to a distant state on necessary business, and was there detained until after the judgment had been entered, ignorant of the fact that his defense had not been made ; that the attorney entered an appearance in due time, and filed a motion for a change of venue, and went to his home in another county, under an agreement with plaintiff for time to file an argument on the motion ; that the attorney was soon thereafter attacked by a disorder which disabled him, and, without his fault, he was unable to give the case any attention. It appears, however, that plaintiff wrote letters to him about the case, but that, on account of his illness, they were not opened until after judgment had been taken. *Held* that, while plaintiff is not shown to be censurable for taking the judgment under the circumstances, the *prima-facie* showing of good faith, diligence and unavoidable misfortune on the part of defendant was sufficient to entitle him to a new trial (*Snell v. Homestead Co.*, 67 Iowa, 406), and that it was error to strike it from the files.

3. **Contract:** ORAL EVIDENCE TO OVERCOME WRITING : PETITION FOR NEW TRIAL. There was judgment by default against defendant for the price of a pair of scales. The petition was based on two writings. The first was a mere statement of what defendant wanted, signed by him, and was a request for terms to be sent to one H., designated as "manager." It did not say that H. was manager of defendant's business, though such an inference might have been warranted, in the absence of notice to the contrary. The second paper was an order for scales on terms therein designated. It did not name defendant in any manner, and was signed "H., Manager." The receipt endorsed on the order showed that the scales were received by H., "Manager for S. Coal Co." *Held* that there was nothing in these papers to prevent defendant from proving by parol that H. was not his agent, and was not authorized to contract for him in the purchase of the scales, and that the scale company (plaintiff's assignor) knew that fact ; and that such matters set up by defendant in a petition for a new trial as grounds of defense to the merits of the action were not bad on the ground that defendant could not be admitted to prove them.

4. **Pleading :** INCORPORATING OTHER PAPERS BY REFERENCE. A petition for a new trial is not bad because it refers to a motion previously made in the case to set aside the default and the affidavit supporting it, and makes them a part of the petition. Such practice is properly allowed, in the sound discretion of the court, and is not objectionable where confusion or other harm does not arise therefrom.

*Appeal from Polk District Court.*—Hon. Marcus Kavanagh, Judge.

Filed, June 1, 1889.

Plaintiff seeks to recover the price of a track scale alleged to have been sold to defendant. There was a judgment for plaintiff in default of an appearance to the merits of the case by defendant. Defendant filed a petition for a new trial, which was stricken from the files, and he now appeals.

*Phillips & Day,* for appellant.

*Wishard & Baily,* for appellee.

Robinson, J.—The petition of plaintiff contains two counts. The first alleges that in March, 1885, the Union Scale Company of Des Moines sold and delivered to defendant, at Seymour, Iowa, one track scale for the agreed price of six hundred and fifteen dollars; that said price, with interest, is unpaid; and that the claim therefor has been assigned to and is owned by plaintiff. The second alleges that defendant executed and delivered to the Union Scale Company an instrument as follows:

"The Western Union Fuel Co. President's Office, Oskaloosa, Iowa. J. K. Graves, President; H. W. McNeil, Vice-President; W. J. Phillips, Secretary.

"Oskaloosa, 3–3–'85.

"*Union Scale Company, Des Moines, Iowa.*

"Dear Sirs: I want a fifty-two-foot track scale, built complete, without fail, this month, at Seymour, Iowa. * * * I will want ninety days; prefer four months. Address with quotations, F. A. Hill, Manager, Seymour, Iowa.

"[Signed]          H. W. McNeil."

That in pursuance of that instrument, and relying upon it, the Union Scale Company entered into a written agreement with defendant, through said Hill, as follows:

"Size of platform scale, fifty-two feet. P. O., Town of Seymour, Iowa.

"Union Scale Co., March 5, 1885: Please. send me, from Des Moines, one forty-ton, fifty-two foot, R. R. T. Scale, complete, triple beam. Seymour Coal Co. to dig pit. Marked to Seymour. * * * For which we agree to pay six hundred and fifteen dollars, as follows: Within ninety days after scale is completed; payable at Des Moines Bank, Des Moines. And it is hereby agreed by the undersigned that the Union Scale Company do not relinquish the title to said. scale until it is fully paid for, and, upon default of the undersigned in the performance of any of the terms of this agreement, the said Union Scale Company may declare the amount agreed to be paid by this contract due and payable. * * * It is also agreed that the undersigned may retain possession of and use the said scales until he shall make default in the terms of this agreement. Union Scale Company agrees to have scales completed by April 1, 1885.

"F. A. HILL, Manager."

Endorsed on that order was the following:

"Received, March 27, '85, the track scale, No. 1236, in good order, as per within contract.

"F. A. HILL, Manager, for Seymour Coal Co."

The second count further alleges that said Hill had authority to contract for defendant; that, relying upon said contract, the scale company erected a track scale as therein provided; that the purchase price is unpaid; and that the right thereto has been assigned to, and is now owned by, plaintiff. On the thirtieth day of August, 1887, the defendant filed a motion for a change of the place of trial, on the ground that he was the only defendant, and a resident of Mahaska county, and that the action was a personal one, for the recovery of money only. The motion was supported by affidavits, which allege that defendant was, and had been for ten years, a resident of Mahaska county, and that he had a meritorious and complete defense to the action. On the tenth day of December, 1887, the motion was overruled, and

defendant's exception noted. On the same day plaintiff filed a motion for judgment for want of an answer. On the seventeenth day of December, the defendant having failed to plead, judgment was rendered against him for the alleged price of the scales, with interest. On the sixth day of January, 1888, defendant filed a motion to set aside the judgment and default, supported by an affidavit that showed that O. C. G. Phillips was, and had been, the only attorney employed by defendant; that he was in court, September 5, 1887, but the motion for a change of place of trial could not then be called up under the rules of the court; that he agreed with plaintiff that the motion should not be called before the twenty-sixth day of that month; that he should send a written argument to plaintiff; that, with that understanding, he returned to his home at Oskaloosa; that, within a few days after his return, he was attacked with a painful inflammation of the right hand, which disabled him from doing any business, causing intense suffering, and confining him to his bed; that he lost the use of his right hand and arm, and, from loss of sleep and suffering, was so weakened that he could not attend to any business; that before September 26, 1887, he wrote to plaintiff, asking further time, to which plaintiff replied, in substance, that he need have no apprehension of any advantage being taken of him, or his client, but for him to prepare his argument as soon as he was able; that he continued unable to transact business until about January, 1888; that on the second day of that month he forwarded an argument. The affidavit was made by Phillips, and shows that he had personal knowledge of the facts involved in the case. It further shows that defendant never purchased the scales in controversy; that Hill was manager of the Seymour Coal Company, but was not the agent of defendant, and had no authority to contract for him; that the scale company knew those facts; and that the alleged sale was not made to, nor on account of, defendant. With his motion and the accompanying affidavit, the defendant filed an answer. It admitted the writing of the communication to which

his signature was appended, but denied all other material averments of the petition. The plaintiff filed an affidavit on the twenty-first day of January, 1888, in which a conversation with Phillips, on the first day of the September term, was admitted substantially as claimed. It also set out a letter written by the wife of Phillips, dated September 22, 1887, informing plaintiff of the condition of her husband, and asking, for him, a postponement of the argument on the motion then pending. Plaintiff states that it is his recollection that he answered that letter, granting the request for time. He also states that he wrote several letters to Phillips after that time, to which he received no reply, and that after waiting a reasonable time he proceeded to take judgment. On the fifth day of June, 1888, defendant filed a petition to vacate the judgment, and for a new trial. It recites the material facts of the case as claimed by defendant, and further alleges that his business required him to be in New Jersey at the time he was required to appear and answer; that before going to New Jersey, he fully advised his attorney as to all the facts of the case, and relied upon him to attend to his defense; that defendant was in New Jersey during the sickness of his attorney, and had no knowledge of his condition, nor of any reason for employing other attorneys.

I. Plaintiff moves that the appeal be dismissed as to the default judgment, for the reason that the judgment was rendered more than six months before the appeal was taken, and relies on *Cohol v. Allen*, 37 Iowa, 449, as an authority in favor of the motion. That case decided that the proceedings which ended in the judgment could not be reviewed where the appeal was not taken within six months from the time of its rendition. It referred especially to rulings made during the progress of the trial at which the party complaining was present, and to the refusal of the court to allow an amendment to the motion for a new trial. The petition for a new trial was held to be insufficient, but the effect of a new trial, had it been granted, was

1. APPEAL: time for taking: petition for new trial.

not determined.   The petition of defendant in this case is founded upon the fourth and seventh subdivisions of section 3154 of the Code.   It is not claimed that it was not filed in time.   If, on further hearing, it shall be found not to be sustained by the facts, the judgment cannot be reviewed, nor can the proceedings which resulted in that judgment be considered, but, if it shall be found to be well grounded, the judgment is not final, as claimed by the appellee, but must be vacated.   It is therefore involved in this appeal, but not in the sense that an appeal was taken directly from it.   We do not understand that such an appeal has been attempted, although some of the assignments of error might indicate a different conclusion.   The condition of the record does not justifiy the sustaining of the motion, and it is therefore overruled.

II.   It is claimed that the showing of diligence to prevent a default is insufficient, but we do not think the claim is well founded.   Defendant had employed an attorney to prepare and make his defense, and had fully advised him as to the facts in the case.   After that had been done, he was called to a distant state to attend to necessary business, and was there detained until after judgment had been entered.   The attorney entered an appearance in due time, and filed a motion to transfer the case to another county.   It is admitted that there was some agreement between him and plaintiff as to the time of submitting that motion, and the attorney was not negligent, under those facts, in returning to his home in another county.   He was there attacked by a disorder which entirely disabled him, and, without his fault, was unable to give the case necessary attention.   It is admitted by appellee that he granted an extension of time.   It is true he wrote to the attorney in regard to the case, and could hear nothing from him; but it appears that his letters, with others received by the attorney in large numbers, were unopened, and that he was ignorant of them on account of his illness, until after judgment was rendered.   Plaintiff is not shown to

2. New trial: grounds of: unavoidable misfortune.

have been censurable for taking the judgment under the circumstances, yet we are of the opinion that the *prima-facie* showing of good faith, diligence and unavoidable misfortune on the part of defendant was sufficient to entitle him to a new trial. *Snell v. Homestead Co.*, 67 Iowa, 406.

III. It is urged that the petition for a new trial fails to show a defense to the action; that the two writings which we have copied constitute a contract which cannot be disputed by parol evidence, excepting to show fraud or mistake. The first writing does not constitute an agreement, but is a statement, at most, of what defendant wants, and a request for terms, to be sent to a person designated as "manager." It does not say that such person is manager of defendant's business, although such an inference might be warranted in the absence of notice to the contrary. The second of the two instruments relied upon by plaintiff is an order for scales, on terms therein designated. It does not name defendant in any manner, and is signed, "F. A. Hill, Manager." The receipt endorsed on the order shows that the scales were delivered to Hill, "Manager for Seymour Coal Company." If any one but Hill is shown to have received the scales, it must be the coal company. It is alleged by defendant that Hill was not his agent and was not authorized to contract for him in the purchase of the scales, and that the scale company knew that fact. The two writings together do not show anything to the contrary, and, if the scale company filled the order with knowledge that Hill was not acting for defendant in making it, the first writing would not estop him from showing the fact. We think the petition for a new trial showed a meritorious defense to the action, and that it should not have been stricken from the files. Whether the petition could in any event have been stricken out on motion is a question not properly before us.

IV. Complaint is made of the petition for a new trial because it refers to the motion to set aside the

*3. CONTRACT: oral evidence to overcome writing: petition for new trial.*

4. PLEADING: incorporating other papers by reference. default, and the affidavit supporting it, and makes them a part of the petition. It is not uncommon for a pleading to refer to, and incorporate therein, portions of the court files by specific averment. Such practice tends to abbreviate the record, and where confusion or other harm does not result we do not think it objectionable. The practice would be subject to the control of the court in the exercise of a sound legal discretion. In the present condition of this case other questions raised need not be determined. For the error of the court in striking the petition for a new trial from the files the cause is

REVERSED.