James Scott, Proponent, v. Sarah J. Hawk, John H. Scott and Freeman Scott, Contestants, Appellants.

**Evidence:** SIGNATURE TO WILL. Evidence by an attorney who had charge of the papers of a deceased testator that at the latter's request he showed him a will, and that testator, after looking it over carefully and examining the signatures, pronounced it his will, is competent and relevant on a contest of the will, where the subscribing witnesses are dead.

EXECUTION OF WILLS. On a contest of a will, evidence that the decedent, on being shown the instrument propounded as his will,

105  467
a107 724
105  467
f131  303

2. and after examination of the signatures thereto declared it to be his will, is convincing evidence of its execution by him.

**Pleading:** PETITION FOR NEW TRIAL: *Demurrer.* A petition for a new trial on the ground of newly discovered evidence is not demurrable because it contains merely a general averment of diligent search and inquiry, and inability to obtain the evidence set out, where the specific acts done are not called for.

TRIAL OF ISSUE. Issues presented in a petition for new trial are triable as in ordinary actions

GRANTING—DISCRETIONARY. The granting of a new trial is in the sound discretion of the lower court.

*Appeal from Keokuk District Court.*—HON. A. R. DEWEY, Judge.

MONDAY, MAY 16, 1898.

TRIAL to jury, verdict and judgment for contestants. A petition for a new trial, filed by proponent, was granted, and contestants appeal—*Affirmed.*

*C. M. Brown* and *D. D. Hill* for appellants.

*Hamilton & Donohue, Woodin & Son* and *C. H. Mackey* for appellee.

LADD, J.—A paper purporting to be the will of John Scott, deceased, left two-thirds of his estate to the proponent, a grandson, and one-third to his wife, who died before he did. Objections to its admission to probate were made by Sarah Hawk, a daughter, and John H. and Freeman Scott, grandsons. At the trial, when the proponent had concluded the introduction of his evidence, the court directed the jury to return a verdict for the contestant because the execution of the will had not been proven. The will appeared to be signed by Scott by making his mark, though this was not stated in the attestation of the subscribing witnesses. These were dead, and the genuineness of their signatures was

shown, but not that of the mark of deceased. On the twenty-seventh day of March, 1896, the proponent filed a petition for a new trial, in which it is alleged that C. H. Mohland, of Burlington, Iowa, when a resident of Sigourney, was a partner of D. W. Hamilton, and engaged in the practice of law; that the firm of Mohland & Hamilton had charge of notes and other papers of deceased, including an envelope containing this will; that at request of deceased he showed him the will, and deceased, after looking it over carefully, and examining the signatures, pronounced it to be his will; that proponent did not know said Mohland had such knowledge until after the trial; that he is a resident of Kansas, and did not know till after the beginning of the term that objections had been filed, when he came to Sigourney, and made diligent search and inquiry for information connected with the execution of the will, but was unable to obtain any of the nature of that set out. The contestants demurred to the petition because it showed on its face (1) that due diligence was not exercised, and (2) the evidence of Mohland to be incompetent and irrelevant. This demurrer was overruled.

I. Reasonable diligence must be alleged and proven in order to obtain a new trial on petition. Code, section 4092; *Miller v. Albaugh*, 24 Iowa, 128; *Stuckslager v. McKee*, 40 Iowa, 212; *Stineman v. Beath*, 36 Iowa, 73; *Carson v. Cross*, 14 Iowa, 463; *Darrance v. Preston*, 18 Iowa, 396; *Cohal v. Allen*, 37 Iowa, 449- *Woodman v. Dutton*, 49 Iowa, 398. Affidavits in support of a motion for a new trial on the ground of newly-discovered evidence must state the facts constituting resonable diligence. *Carson v. Cross, supra; Darrance v. Preston, supra*. In the latter case it is said of a general allegation of due diligence: "This averment would

be held insufficient on motion for more specific state-
ment, and possibly as bad on demurrer." In *Cohal v.
Allen, supra,* the petition was adjudged insufficient on
demurrer, and this language employed: "It fails to
show facts constituting diligence in efforts to procure
the evidence at the trial. The statements on this point
are simply averments of inability to produce and efforts
to obtain evidence generally, without sufficiently stat-
ing what was done, which is claimed to be proper dili-
gence." From this it would seem the facts alleged were
relied on, rather than the general allegation of reason-
able diligence. If so, then the ruling is not at variance
with that of *Woodman v. Dutton,* 49 Iowa, 398. In that
case a demurrer to the petition alleging that with
reasonable diligence the evidence could not have been
discovered, was sustained. This court, in making the
ruling said: "In affidavits in support of a motion for a
new trial these [the facts] should be set out, because
the affidavits supply the evidence upon which the court
acts. But a petition for a new trial, which must be
supported by evidence in the ordinary way, is not vul-
nerable to a demurrer which alleges, in the language
of the statute, that the grounds for new trial could not,
with reasonable diligence, have been discovered before."
This must be regarded as decisive. The rule is some-
what analogous with that holding a general averment
negativing contributory negligence sufficient in actions
sounding in tort. Here, however, an affirmative show-
ing is required, and a petitioner may well be ordered,
on motion for more specific statement, to set out the
facts upon which he relies. The contestant demurred
without calling for what was done amounting to reason-
able diligence, and the general averment was rightly
adjudged sufficient when so attacked.

II. The evidence of Mohland was both competent
and relevant. The subscribing witnesses were dead,

and other evidence of the execution of the will was admissible. *Allison v. Allison*, 104 Iowa, 130. That the deceased, upon the examination of the instrument and the signatures thereto declared it his will, is convincing evidence of its execution by him.

III   We shall not review the evidence. The issues were triable as in ordinary actions. *Carpenter v. Brown*, 50 Iowa, 451; *Kruidenier v. Shields*, 77 Iowa, 504; *Mortell v. Friel*, 85 Iowa, 739; *Markley v. Owen*, 102 Iowa, 492. The decision was one peculiarly within the discretion of the trial court. *Lundon v. Waddick*, 98 Iowa, 478. The order granting a new trial has ample support in the evidence. Our conclusion renders it unnecessary to consider the motion to dismiss.—AFFIRMED.