PAUL KING, Appellant, v. ATLEE HART.

**Abstracts:** DENIALS: *Presumptions not indulged in.* Under Code, section 4118, providing that printed abstracts of the record shall be assumed to contain the record, unless denied or corrected by subsequent abstracts, where an appeal is taken by plaintiff from a judgment in his favor, because the verdict is too small, and the abstract, containing the issues, the evidence, and the judgment, but not the instructions, shows that the verdict is not sustained by the evidence, the court will not presume that the jury were so instructed as to warrant the verdict, and that the instructions were not questioned, since the appellee, if the instructions support the verdict, should deny the correctness of appellant's abstract, or correct the record by an additional abstract.

*Appeal from Woodbury District Court.*—HON. F. R. GAY-
NOR, Judge.

THURSDAY FEBRUARY 8, 1900.

PLAINTIFF for cause of action states that on February 22, 1896, the defendant owned, by blank assignment, two promissory notes, of three hundred dollars each, on Lewis Lamkin, secured by mortgage on certain forty and twenty acre tracts of land in Dakota county, Nebraska; that the defendant showed to plaintiff a forty-acre tract as ·being said land, and knowingly and falsely represented to plaintiff that it was the forty acres covered by said mortgage; that, relying thereon, plaintiff purchased said notes and mortgage, and paid therefor four hundred and ten dollars; that the forty acres shown to plaintiff was not the forty covered by said mortgage, but another forty, the property of one Brennan, as defendant then knew; that the land shown to plaintiff is a good piece of land, while the forty described in the mortgage had been washed by the Missouri river, and was of no value; that, by reason of said false and fraudulent representations, plaintiff has been damaged three hundred dollars.

As a further cause of action, the plaintiff alleges the same false and fraudulent acts and representations, and that by reason thereof he was induced to and did purchase the forty acres described in said mortgage from the defendant, and paid therefor three hundred dollars, and that by reason of said false and fraudulent representations he is damaged. He asks to recover six hundred dollars damages. The defendant answered, denying generally, and, upon trial had, a verdict was returned in favor of the plaintiff for seventy-five dollars, which plaintiff moved to set aside, and for new trial, on the ground that the damages were too small; which motion was overruled, and the plaintiff appeals.—*Reversed.*

*Martin Neilan* for appellant.

No appearance for appellee.

GIVEN, J.—I. Appellant's complaint is that the amount allowed him by the verdict is too small. It is manifest from the verdict that the jury found that the defendant was guilty of the fraud charged, and in this they are fully sustained by the evidence. It is also manifest from the evidence that, if plaintiff is entitled to recover in any sum, he is entitled to more than the amount of the verdict. Defendant and his agent represented to plaintiff that the land covered by the mortgage was worth thirty dollars per acre, including the house upon it; that it was "well up and clean away from the river, and land worth thirty dollars an acre; a house on it; twenty-five acres of corn on it." Mr. Marvin testified: "The Lamkin land is all in the river but about ten acres. The ten acres of the Lamkin land not in the river has no value." The plaintiff testifies that it was worth about twenty-five dollars, while all agreed that the Brennan land, shown to the plaintiff as the land covered by the mortgage, was worth twenty-five dollars to thirty dollars per acre. Surely, under this state of the testimony, the jury was not warranted in returning a verdict for only seventy-five dol-

lars. The plaintiff, if entitled to anything, was entitled to a larger sum.

The instructions are not before us, and the thought suggests itself whether we must not presume that the court so instructed on the measure of damages as to warrant the jury in finding the amount they did, and that, the instructions given not being questioned, they stand as the law of the case, and therefore we may not reverse because of the smallness of the verdict. Appellant's abstract shows the issues, the trial, evidence, verdict, motion for new trial, overruling of the motion, and judgment on the verdict. It shows that a new trial was asked on the grounds that the jury erred in not allowing more damages; that the verdict is not sustained by the evidence; and that it is contrary to law. The errors assigned are, in substance, that the court erred in overruling the motion for a new trial. There is neither amendment to, nor denial of, this abstract, and the question is whether, without the instructions, it is sufficient to enable us to pass upon the error assigned and argued by appellant, namely, whether, under the evidence, the verdict should have been for a greater sum than seventy-five dollars. In *McGillivary v. Case,* 107 Iowa, 18, after quoting from section 4118 of the Code, and section 22 of the rules of this court, we said as follows: "The very evident meaning of the statute, as well as the rule, is that the abstract, in the absence of any denial or correction or statement therein to the contrary, is presumed to contain the record with sufficient completeness to enable the court to pass upon every question raised. If a defect exists in the way of omission, or if extraneous matter is included, or if the abstract is untrue in any respect, or if not properly certified to be full and complete, this must be brought out by a specific denial or corrected by an additional abstract, else it will be deemed to have been waived, and the abstract conceded to be true, and sufficient to enable the court to correctly determine every question made in argument." The question made in argument is that, under

the evidence, the amount of damages allowed is too small, and the record before us is sufficient to enable us to pass upon that question.  If appellee intended to claim that there was something in the instructions to support the verdict, he should so assert before us; but this he has not done, and, not having denied the correctness of appellant's abstract, concedes it sufficient for the purpose of the error assigned and argued.  The verdict being manifestly contrary to the evidence as to the amount of damages, the motion for a new trial should have been sustained.—REVERSED.

GRANGER, C. J., not sitting.