D. H. ARMSTRONG, Appellant, v. JAMES STEWART, Appellee.

**New trial:** REVIEW OF RULING ON APPEAL.   The action of the trial court in granting a new trial will not be interfered with on appeal, where the record does not disclose which of several grounds the court based its ruling upon.

*Appeal from* *Tama* *District Court.*— HON. G. W. BURNHAM, Judge.

SATURDAY, MARCH 10, 1906.

ACTION at law to recover damages for a personal injury. There was a verdict in favor of plaintiff, which, on motion of defendant, was set aside and a new trial awarded.   Therefrom the plaintiff appeals.   At the close of the evidence for plaintiff, and again at the close of all the evidence in the case, the defendant moved for an instructed verdict in his favor.   Both motions were overruled, and therefrom the defendant appealed.   Defendant's appeal was dismissed in this court on motion, and there has come to us with the case a petition for rehearing on such motion.— *Affirmed.*

*Struble & Stiger,* for appellant.

*W. M. Blough, Williamson & Willoughby,* and *Caldwell & Walters,* for appellee.

BISHOP, J.— At the time of the accident which resulted in plaintiff's injury he (plaintiff) was in the employ of defendant as a farm hand.   Among the buildings on the farm

of the defendant was one, ten by twelve feet ground measurement, and one story in height. The building was of frame work, and a brick chimney extended up from the peak of the roof a distance of about eighteen inches. On the day of the accident plaintiff was called upon by defendant to assist in moving such building to a new location five or six feet distant. It seems that the method adopted was to raise the building up, put under rollers, and then by means of horses pull it to the desired location. The building had thus been moved part of the required distance when some of the rollers became disarranged. To permit of a readjustment, the several corners of the building were pried up, a lever and fulcrum, consisting of a telephone pole and block, being used for the purpose, and the building then rested upon blocks. The building having been raised to the required height at one corner, and the lever being held down by three men, plaintiff went close to the building to adjust the blocking. While thus engaged, and before the blocks could be put in place, the lever broke without warning and the corner of the building came to the ground with a sharp jar. This resulted in the bricks of which the chimney was composed becoming dislodged, and several thereof came down, striking plaintiff and causing the injury of which he complains.

The grounds of negligence alleged were two; failure to take down the chimney before the work of removal was undertaken, and failure to warn and instruct. The answer denied negligence, and pleaded an assumption of the risk. Sixteen separate grounds were assigned in the motion for new trial, and the ruling on such motion was general.

We have uniformly refused to interfere with an order granting a new trial, except where a clear case of abuse of discretion is shown. *Van Wagenen v. Parsons,* 106 Iowa, 263. We cannot say that the instant record discloses a case calling for interference. We have no means of knowing

upon what particular grounds, if less than the whole, the court based its ruling. It may have been concluded that the evidence did not warrant the verdict, or that passion and prejudice dominated the finding of the jury. Moreover, the court may have conceived the idea that the instructions to the jury did not fully present the questions, arising out of the facts shown, as to proximate cause of the injury sustained by plaintiff, and the responsibility of defendant for such cause.

On plaintiff's appeal the order granting a new trial is affirmed. We have examined the petition for rehearing on the motion to dismiss defendant's appeal, and finding nothing of merit the same is overruled.— *Affirmed.*