ROSE WOERDEHOFF v. FRANK L. MUEKEL, HERMAN WOERDEHOFF, Intervener and Appellant.

**New trial:** NEWLY DISCOVERED EVIDENCE: DILIGENCE. The granting
1  of a new trial on the ground of newly discovered evidence is
largely discretionary with the trial court and its ruling will
be upheld on appeal unless an abuse of discretion is shown.
The showing of diligence is held to have warranted the granting
of a new trial.

**Same:** PRESUMPTION OF MATERIALITY. Where a lack of diligence in
2  producing upon the trial the alleged newly discovered evidence
is the only ground relied upon to reverse an order granting a
new trial, it will be presumed that the alleged evidence was
pertinent and material to the issues in the case.

*Appeal from Dubuque District Court.*— HON. M. C. MATTHEWS, Judge.

THURSDAY, JULY 12, 1906.

THIS action was originally brought by plaintiff against defendant Muekel to recover possession of a promissory note for $2,500 alleged to have been executed by the intervener, plaintiff's husband, to plaintiff, and wrongfully detained by defendant. Intervener sought to have the note surrendered by defendant to him on the ground that it had been materially altered, without his knowledge or consent, after execution and delivery, by the insertion of a figure in the blank left in the note for the rate of interest, so as to make it a note bearing interest at 8 per cent., whereas no rate of interest was specified in the note as executed. The case was tried on the issue raised by the petition of intervention and defendant's denial of the allegations thereof, and a verdict was returned for the intervener, finding him to be entitled to immediate possession of the note. Judgment was entered on this verdict January 4, 1904, and on February 25,

1904, the defendant filed a petition for a new trial, alleging as ground therefor that intervener obtained the judgment by fraud, consisting of false and fraudulent evidence, which fraud could not have been discovered with ordinary diligence before the conclusion of the trial, and alleging as further ground the existence of newly discovered evidence which defendant could not, with ordinary diligence, have discovered before and produced at the trial. The facts constituting the exercise of diligence on the part of defendant with reference to the discovery of the evidence are quite fully set out. After a hearing on the merits, the trial court sustained the petition and granted a new trial, and from this ruling the intervener appeals.— *Affirmed.*

*Longueville, Kintzinger & Longueville,* for appellant.

*Lyon & Lyon,* for appellee.

McCLAIN, C. J.— The sole question to which counsel for appellant direct their argument is as to the sufficiency of the showing in the record of reasonable diligence on the part of defendant, prior to the trial of the original action, in seeking to discover the evidence upon which he relied as constituting a ground for a new trial. The newly discovered evidence tended to show that at the time the note was executed by intervener in settlement of an action in which plaintiff, his wife, was seeking to secure a divorce, and for the purpose of inducing her to return and live with him, the witnesses, one of them the judge of the district court in which the divorce proceedings was pending, and the other a lawyer who had been retained by intervener with reference to the case, each, when consulted with reference to the proposed settlement, expressed surprise that intervener should be willing to give notes for large sums running for long time at a high rate of interest secured by a mortgage on his farm.

It is argued by appellant that, as defendant Muekel was present at each of these conversations, he was negligent in not securing the testimony of these witnesses on the trial. It appears, however, that the important fact was, not that intervener had conversations with these witnesses regarding the fact of a settlement, but that each of the witnesses specifically called his attention to the rate of interest specified in the notes, and we are not satisfied that defendant had knowledge of this specific fact, although he did know of the general conversations. The most that can be said is that there is conflict in the evidence as to whether defendant heard either of the witnesses specifically call the intervener's attention to the rate of interest. If defendant did not hear the rate of interest specifically referred to, he had no reason to suppose that the witnesses had called intervener's attention to the fact that the blanks for the rate of interest were filled out.

1. NEW TRIAL: newly discovered evidence: diligence.

As the notes had already been executed by intervener at the time of these conversations with the witnesses, the material point was as to whether intervener's attention was called to the rate of interest specified, and we cannot see that defendant had any occasion to suppose that there had been a conversation on that specific matter, unless he in fact heard such conversation. It also appears that defendant made some inquiry of the witnesses before the original trial with reference to their knowledge as to the facts, and received no information which would have led him, as a reasonable man, to suppose that the rate of interest had been referred to as between the witnesses and intervener in the conversations about which he inquired. In view of the conflict in the evidence we are satisfied to apply the rule frequently announced by this court that the granting of a new trial on the ground of newly discovered evidence is peculiarly within the discretion of the trial court, and unless it clearly appears that such discretion has been abused

this court will not reverse the action of the lower court in holding the showing of diligence as to the discovery of evidence to have been sufficient. *Chambliss v. Hass,* 125 Iowa, 484; *Hunter v. Porter,* 124 Iowa, 351; *Scott v. Hawk,* 105 Iowa, 467. In two of the cases relied upon for appellant it affirmatively appeared that there was no showing of diligence. *Stuckslager v. McKee,* 40 Iowa, 212; *Heathcote v. Haskins,* 74 Iowa, 566. Many other cases are cited, but in each instance it appears that the motion for new trial on the ground of newly discovered evidence was overruled, and this ruling was affirmed, so that the cases are not in point where we are asked to reverse the action of the court granting a new trial on that ground.

It is urged for appellant, by way of argument, that the petition for new trial should not have been sustained in the absence of any proof as to the proceedings on the original

**2. SAME: PRE-SUMPTION OF MATERIALITY.** trial; but we do not see how any question of that kind is before us. Counsel are not contending that the newly discovered evidence was not material or sufficient. They are contending that there was not a sufficient showing of reasonable diligence, and as bearing on this question we have in the abstract what purports to be the evidence on which the trial court acted. The abstract of appellant, with the additional abstract of appellee, are presumed to contain all the record ·necessary for the determination of the question. presented to us. *McGillivary v. Case,* 107 Iowa, 17; *King v. Hart,* 110 Iowa, 618; *Van Rees v. Witzenburg,* 112 Iowa, 30. We˙are justified in assuming, in view of the ground relied on for reversal, that the newly discovered evidence was material and pertinent to the issue tried in the original action, and have no occasion to concern ourselves about anything save the sufficiency of˙the showing as to diligence with reference to its discovery.

The action of the trial court in sustaining the petition for new trial is therefore — *affirmed.*