KENWOOD LUMBER COMPANY, Appellee, v. JOHN C. ARMSTRONG et al., Appellants.

**NEW TRIAL:** Numerous-Pointed Motion Sustained Generally. A numerous-pointed motion for a new trial, sustained generally, imposes upon appellant the burden to show, not only that none of the grounds were sufficient when viewed *separately,* but that the court abused its discretion by considering them sufficient when viewed *collectively.*

**TRIAL: Instructions—Presence of Counsel.** Counsel need not be present when the court, in reply to a request by the jury, instructs to the effect that no part of the testimony of a named witness had been withdrawn from the jury.

**NEW TRIAL: Grounds—Slightly Inaccurate Instruction.** Inaccuracy in an instruction as to a matter of fact, though not grave, may very properly be given weight by the trial court in his final determination to grant a new trial.

**NEW TRIAL: Pendency of Appeal.** The pendency of an appeal does not necessarily deprive the trial court of jurisdiction to grant a new trial on a timely motion.

*Appeal from Linn District Court.*—F. O. ELLISON, Judge.

MAY 13, 1924.

SUIT on two promissory notes.- Defense pleaded was fraud and conspiracy in obtaining same, and that the maker was incompetent. Verdict for the defendants. Plaintiff's motion for a new trial was sustained, and defendants appeal.—*Affirmed.*

*Deacon, Sargent & Spangler,* for appellants.

*Redmond & Stewart,* for appellee.

FAVILLE, J.—I. The sole question for our determination is whether or not the court erred in sustaining appellee's motion for a new trial. It is unnecessary that we go into the questions involved in the main case in detail. The suit is brought on two promissory notes. Appellants alleged that the notes were obtained from the maker by fraud; that they were procured by means of a conspiracy to which appellee was a party; and that the maker was incompetent at the time the notes were procured. The motion for a new trial was based upon twenty-two grounds, and an amendment was filed thereto, setting up an additional ground. The court sustained the motion generally, with the one exception that it was not sustained on the ground of misconduct on the part of any of the jurors. Under such a situation, it is incumbent upon appellants to show that no one of the

1. NEW TRIAL: numerous-pointed motion sustained generally.

grounds of the motion was well taken, and that it should have been denied.

We have no means of knowing upon what particular grounds the court based its ruling. We have repeatedly held that, under such a situation, we will not reverse for the granting of a new trial, unless it is made apparent that the trial court has abused its discretion. In cases of this kind, where a numerous-pointed motion for a new trial is sustained, it may be that no one of the alleged errors would, of itself, justify the granting of a new trial; but, when all of them are taken together, in connection with the trial court's knowledge and observation of the entire case as presented, it may rightly conclude that a new trial should be granted. *Royer v. King's Crown Plaster Co.,* 147 Iowa 277; *Holland v. Kelly,* 149 Iowa 391; *Armstrong v. Stewart,* 130 Iowa 162; *Seamans v. Gallup,* 190 Iowa 470; *Stewart v. Iowa Cent. R. Co.,* 136 Iowa 182. It may well be that some of the grounds enumerated in the motion for a new trial were not well taken, and yet the motion as a whole could properly be sustained. We are greatly impressed with appellants' argument that certain grounds of the motion for a new trial were not well taken, but the difficulty is that the trial court may have entertained the same view as to such specific grounds, and yet have granted the motion for a new trial on one or more other grounds, or upon all of them collectively.

One ground of the motion for new trial which appellants urge was wholly insufficient was based on newly discovered evidence. The showing of diligence to secure this evidence is perhaps not as conclusive as it might be, but still we think that the desired witness was not easily located, and that appellee used reasonable efforts to find him. This matter was peculiarly within the discretion of the trial court, and we do not think that, under the record, such discretion was abused.

It is urged that the evidence so discovered was wholly cumulative; but we think it was more than that. It was of some importance to appellee, under the circumstances of the case, and its weight and credibility are not matters for our determination on this appeal. An abuse of discretion was not shown in regard to this matter. *Scott v. Hawk,* 105 Iowa 467; *Hunter v. Porter,* 124 Iowa 351; *Woerdehoff v. Muekel,* 131 Iowa 300.

After the jury had retired for deliberation, they came into court and made an inquiry of the court in writing, as follows: "Was the Reysa testimony all stricken out? If not, may we ask what part was retained?"

2. Trial: instructions: presence of counsel.

To this the court gave the following special instruction, in writing:

"You are instructed that none of the testimony given by the witness Reysa has been stricken out of the record, but remains for your consideration."

This instruction was given in the absence of both parties and their counsel. The giving of it was one of the grounds assigned in the motion for new trial.

Code Section 3720 provides as follows:

"After the jury has retired for deliberation, if they desire to be instructed as to any point of law arising in the case, they may request the officer to conduct them into court, which he shall do, when the court may further instruct, which instruction shall be given in the presence of or after notice to the parties or their counsel. Such instruction shall be in writing, be filed as other instructions in the case, and be a part of the record, and may be excepted to in the same time and manner as the instructions given before the jury retires."

The instruction was not in regard to a matter of law, and we do not think that the court erred in giving the same in the absence of counsel.

But it is now contended that the court erred in the statement of fact in this special instruction, because a portion of the testimony of this witness had been stricken from the record.

3. New trial: grounds: slightly inaccurate instruction.

This appears to be the case. It is argued that the portion so stricken was immaterial, and could not have affected the result if considered by the jury. We cannot say that, upon the entire record, the court abused its discretion if it took into consideration the giving of this special instruction and the facts in respect thereto in passing upon the motion for new trial, with other matters in the motion. Other grounds that were urged in the motion for new trial are claimed by appellant not to be sufficient to justify the court in granting the motion. We have examined all of these; and while it may be said that, as to some of them, if stand-

ing independent and alone, they would not be sufficient to jus-
tify the court in granting a new trial, we are satisfied that, upon
the entire case, and regarding the motion in its entirety, as it
was passed upon by the trial court, there is not such apparent
abuse of discretion in sustaining it as to require interference
on our part.

II.  It is urged that the trial court had no jurisdiction to
grant a new trial, because of the fact that an appeal had been
taken to this court before the motion for new trial was passed
upon.

**4. NEW TRIAL:
pendency of
appeal.**        The verdict was returned on May 11, 1921.
The clerk entered judgment thereon.  The mo-
tion for new trial was filed May 16, 1921.  Appellant filed a
resistance to said motion in June.  On or about August 15, 1921,
appellee filed an amendment to its motion for new trial, which
was also designated as a petition for new trial.  A notice was
served of the taking of the deposition of a witness in support
of the motion as amended, and resistance was filed thereto, which
was overruled; and finally, by agreement of parties, the deposi-
tion of this witness was taken, and was returned and filed on
November 21, 1921.

In the meantime, on November 10, 1921, within the six
months' period from the date the verdict was returned and judg-
ment entered thereon, appellee herein served notice of appeal.
The matter remained in that situation, and the motion for new
trial came on for hearing January 26, 1922, was concluded on
February 23, 1922, and on March 10, 1922, the trial court
granted the motion for a new trial, and set aside the judgment
which had been entered by the clerk on the verdict.  The appeal
from said ruling was taken in September, 1922.

The case at this point appears to be controlled by *Cook v.
Smith,* 58 Iowa 607, wherein we held that the right to apply for
and the power of the court to entertain jurisdiction of the ap-
plication during the time limited in the statute are absolute
and unconditional.  We said:

''There is no such inconsistency between the two proceed-
ings as to require the one to be abated because the other is pend-
ing.  It may be both should not be actively prosecuted at the
same time; for the determination of one may render a decision

in the other unnecessary. Upon application, this would no doubt be controlled by the courts. Suppose the ground upon which a new trial was asked was not discovered until after the appeal was taken, on the last day allowed therefor, would such appeal deprive the court of the power to entertain jurisdiction of a petition for a new trial? Clearly not, we think; for, during the time limited in the statute, the power of the court and right of the party are unconditional.''

It is to be noted that the motion for new trial was filed within proper time, and the amendment thereto, by way of petition, was also within the time provided by the statute. We do not think that the district court lost jurisdiction to pass upon this motion because of the fact that appellee subsequently, and within the statutory period, served its notice of appeal from the judgment originally entered. Nothing further was done with the matter of the appeal, and the motion for new trial previously filed was urged, and presented for submission. No objections were raised to the submission of the motion for new trial because of the service of the notice of appeal, nor was anything filed in this court, nor any application for an order of any kind made therein. Under these circumstances, the lower court did not lose jurisdiction to pass upon the motion for a new trial. We are limiting our holding on this question to the particular facts of this case.

We find no error in the record that requires a reversal of the action of the trial court in granting the new trial in this cause, and the order appealed from is, therefore,—*Affirmed.*

ARTHUR, C. J., EVANS and PRESTON, JJ., concur.