## DETTMAN v. ZIMMERMAN.

1. **Practice**: EVIDENCE: NEW TRIAL. Where during the trial of a cause a party went in search of witnesses, whom he found and brought into court, but not until the counsel for the adverse party was addressing the jury, it was held that the testimony of the witnesses should have been then offered before the case was submitted to the jury, and not having been so offered that it would not constitute ground for a new trial.

*Appeal from Scott Circuit Court.*

### FRIDAY, JUNE 11.

ACTION to recover an amount of money which plaintiff alleged he deposited with the defendant for safe-keeping, and which defendant fraudulently appropriated to his own use. It was also claimed that defendant offered to assist the plaintiff in the purchase of a team of horses and harness, and that defendant represented to plaintiff that he had found a desirable team and harness which could be purchased for $255; and relying upon said statements plaintiff paid to defendant the sum of $255 for said purchase; that said rep-

resentations were false, and that defendant only paid $205 therefor, and fraudulently converted the remaining $50 to his own use.

The defendant averred that said money was not deposited with him for safe-keeping, but that the same was loaned to him for six months. That in a short time after the loan the plaintiff requested the return of the money, whereupon defendant paid the plaintiff part thereof in cash, gave him his note for $100, which he afterward paid, and gave him notes on another party to make up the amount, and that said loan was thereby fully satisfied. All the other allegations of the petition were denied.

There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

*D. T. Duncombe* and *A. P. McGuirk,* for appellant.

*Clark & Heywood,* for appellee.

ROTHROCK, J.—I. The first proposition which counsel for appellant submits for our consideration is that the verdict is not supported by the evidence.

We have carefully examined the testimony of the witnesses, and without entering into a discussion of it in detail we have to say, if the plaintiff is to be believed, that the defendant practised upon him a most flagrant fraud. That the jury were fully warranted in giving credence to the testimony of the plaintiff we have no manner of doubt. It is true that in most of his material statements he was flatly contradicted by the defendant and other witnesses, but there was evidence tending to show that defendant and his material witnesses were persons whose reputation for truth was not good. In the matter of impeaching evidence, great latitude was taken by the respective parties. It appears in the record that at the time of the trial the defendant was under indictment for tampering with a jury. One of his material witnesses appears to have been punished for larceny upon a plea of guilty,

Dettman v. Zimmerman.

and to have been under the constant surveillance of the police authorities as a notorious character. On the other hand, the plaintiff, a German farmer of good character, so far as appears, came to Davenport, a stranger, with some $1,400 in money, and testifies that the defendant, after obtaining his confidence, defrauded him of several hundred dollars. We can well imagine the condition of the atmosphere which surrounded the jury when one of the plaintiff's witnesses testified as follows: "I told Zimmerman that it was too bad for him to treat his poor ignorant German customers in that way, and he laughingly remarked that 'the only way to make the poor devils like him was to cheat them.' He said he had only beaten him out of $200, but that he might just as well get away with him for $500 if he had a mind to."

II. In his motion for a new trial the defendant claimed that he was taken by surprise by the general impeachment of one of his witnesses, and that he used all possible means to procure witnesses to testify that the reputation of the witness was good, and that he succeeded and procured the attendance of such witnesses, but not until the evidence had closed, and plaintiff's counsel was addressing the jury.

1. PRACTICE: evidence: new trial.

Without determining whether newly discovered evidence of this character would be sufficient ground for a new trial, it is enough to say that it was the duty of the defendant to have offered his evidence, and moved for its admission, when the witnesses arrived, or at some time before the cause was finally submitted to the jury. Code, § 2799.

It is further claimed in the motion for a new trial that, if a new trial should be granted, the defendant can prove, by certain other witnesses, the payment of money to plaintiff in Goldberg's store, a fact in dispute. This testimony, if produced, would be merely cumulative, and not sufficient ground for a new trial, and besides, it was not newly discovered.

The foregoing considerations dispose of all the questions in the case. AFFIRMED.