National State Bank *et al.*, Appellants, v. C. F. Boesch & Son *et al.*

**Judgment on Pleadings:** when affirmed. Though the pleadings fail to show a fact the averment of which is essential to the granting of a motion for judgment thereon, but such fact is proven without objection, a just judgment, not shown to be erroneous, granting such motion, will be affirmed.

*Appeal from Des Moines District Court.*—Hon. J. M. Casey, Judge.

Monday, January 29, 1894.

Action, aided by attachment to recover the amount of certain promissory notes. The writ of attachment

was levied upon a stock of merchandise and upon real estate. A receiver was afterwards appointed to take charge of the attached property, who entered upon the discharge of the duties of the receivership. At a subsequent date, certain creditors of the defendants, C. F. Boesch & Son, filed a petition, in which they claimed, and sought to have established, an interest in the property which had been delivered to the receiver. A motion of the appellees for judgment on the pleadings was sustained, and the creditors appeal.—*Affirmed*.

*A. M. Antrobus, Kelley & Cooper, Thos. Hedge* and *W. W. Dodge* for appellants.

*John C. Power* for appellees.

ROBINSON, J.—This action was commenced on the sixteenth day of May, 1885, to recover of C. F. Boesch & Son the sum of fifteen thousand dollars, and the writ of attachment was levied on the same day. Two days later, the plaintiff, the National State Bank, filed an application for the appointment of a receiver, based on the grounds that, before the levy was made, C. F. Boesch & Son executed, or attempted to execute, a large number of mortgages upon the attached property; that Theo. Guelich, claiming to represent many, or all of the mortgagees, was claiming the right of possession of the property, and that Schramm & Schmieg had sued out a writ of attachment, and placed it in the hands of the sheriff for service. Guelich and others were made defendants, and were asked to set forth their respective interests. The application further asked that the receiver take possession of, and dispose of, the attached property to the best advantage of the interested parties. R. M. Raab, was appointed receiver on the day the application was made. In July, 1885, he was authorized to sell the stock of merchandise. On the twenty-fourth day of September he filed a

report, showing a sale of the stock, and a list of the real estate in his charge. September 30 he was authorized to pay taxes on the real estate, and to collect, by suit, claims due C. F. Boesch & Son. In April, 1886, he submitted another report. In July he was required to distribute the money in his hands, which amounted to nearly thirty thousand dollars, according to directions given, of which sixteen thousand, four hundred and sixty-two dollars and forty cents were paid to the National State Bank, and the other payments ordered were made. On the fourth day of October, 1887, the receiver made what is termed a "final report," in which he stated that he had no further duties to perform, and asked to be discharged. The report stated that he had a small sum of money on hand, which, with certain books of account, he had brought into court, and deposited with the clerk. The record before us does not show any formal order discharging the receiver. It shows, however, that on the eighth day of December, 1887, the appellants Lee, Tweedy & Company filed a petition, in which they alleged that C. F. Boesch & Son were indebted to them, and asking the appointment of a receiver. In December, 1888, a report was filed by one S. J. Eads, as receiver, in which he stated that he had in his hands assets of the defendants, and asking an order disposing of them; but whether action was taken on the report is not shown. On the first day of June, 1888, Lee, Tweedy & Company, and other creditors of C. F. Boesch & Son, filed a petition, which was amended in March, 1889, in which they stated the appointment of Raab as receiver; that their claims had been presented and were then pending; that the receiver had, in September, 1885, reported that he had in his charge certain lots in the city of Burlington; that on the fifteenth day of May, 1885, C. F. Boesch & Son had

executed mortgages for some of the lots to Chris Wagner, Carl Busse, Mary Moehn, George Voss, J. Tauzman and Chris Wischmeier; that the mortgages were fraudulent, and had been foreclosed without the consent of the court which had appointed Raab as receiver, and the property sold to the mortgagees; and that the mortgages were clouds upon the title to the property in the hands of the receiver. The petition asked that the mortgagees named be made defendants, and required to show their interest in the property; that it be decreed that they have no interest in it, and that Raab, as receiver, be directed to sell the property, and pay the claims of the petitioning creditors. Busse, Wischmeier and Tauzman appeared and filed an answer in July, 1889, in which they alleged that each had an interest in parts of the lots in controversy, acquired by mortgage executed before the levy was made; that by virtue of decrees of the court they became the purchasers of the lots which they claim, and have deeds for them; that the receiver, Raab, was authorized to appear in the proceedings to foreclose the mortgages, but had failed to do so, and is now estopped to claim any interest in the property. Each defendant asked that his title to the property be quieted.

In October, 1889, Raab filed a statement in which he alleged that in December, 1885, the plaintiff filed its petition in court for the purpose of settling the conflicting claims of persons who had commenced actions against C. F. Boesch & Son, and who claimed to have any lien on the property; that the persons who had commenced such actions, and who made such claims, including Lee, Tweedy & Company, and the creditors who have joined in their petition, were made parties to the action; that all matters which the creditors now seek to have adjudicated were determined in that action; that the receiver was ordered by the court to pay the rents derived from the real estate in controversy to

Burg & Zaiser, and to surrender the real estate to the parties who claimed it; that he was ordered to make a final statement of such matters as remained in his hands, and deposit the same, and, when that was done, he should be finally discharged; that he conformed to the order of the court in all respects, and made a final report, and supposed that by virtue of the decree, and what he had done under it, he was discharged from all further duties without the order of the court. He asked that he be protected as the officer of the court. In July, 1890, Busse, Wischmeier, and Tauzman filed a motion asking for judgment on the pleadings, "because it appears therefrom that petitioners are not entitled to maintain the suit, or the relief prayed for." In November, 1891, the court, after noting the appearance of the several parties in interest by their respective attorneys, made an entry as follows: "And the court, having heard the evidence introduced and the argument of counsel, finds that on the eighteenth day of May, 1885, R. M. Raab was by the circuit court of Des Moines county, Iowa, appointed receiver of all the real and personal property of C. F. Boesch & Son and C. F. Boesch; that said receiver accepted the appointment, and from time to time reported his action and doings as such to the court, and finally, in 1887, said receiver was duly relieved of his trust, and discharged by the court from any further services as such receiver, he having fully accounted to the court for all amounts received by him, or for which he was chargeable; and that said receiver had been so discharged before the petitioning creditors in this case gave notice or filed their petition. It is, therefore, ordered and adjudged by the court that said motion be, and is hereby, sustained, and that the petition and amended petition of the creditors be dismissed. * * *''

The appellants contend that the court was not authorized to ascertain any fact excepting from the

pleadings, and that there was no evidence in the pleadings that the receiver had been discharged. It is true, the pleadings do not show his discharge; but the record of the final order and judgment shows that the court, for some reason, heard evidence on the motion, and, so far as is disclosed, without objection from appellants. An exception to the finding, order, and judgment was noted, but the introduction of evidence was apparently satisfactory to all parties. The abstract submitted does not purport to show all the proceedings in the case, and we are required to indulge in such reasonable presumptions, not in conflict with the record submitted, as are necessary to sustain the findings and judgment of the court. See *McCue v. County of Wapello*, 56 Iowa, 698, 10 N. W. Rep. 248. The judgment record indicates that, on the hearing of the motion, the material question was whether the receiver, Raab, had been discharged, and that evidence was introduced for the purpose of showing the fact. The inquiry was not authorized by the motion, which was based upon the pleadings alone; but as the right of the petitioning creditors for relief was dependent upon the receivership, and could not be enforced in this action if the duties of the receiver had been fully performed, and he had been discharged, the parties in interest may well have agreed to permit the court to determine, from the evidence offered, the fact in regard to the termination of the receivership, and to make the ruling on the motion depend upon that determination. The record does not show that such an agreement was entered into, nor what evidence was heard; but, as evidence was offered without objection, we must presume that it was so offered, by agreement or consent of the parties, for the purpose of influencing the ruling on the motion. As no objection was made to that method of procedure in the district court, none can be given weight in this court. Although the record does not seem to disclose

all the evidence offered, yet it contains enough to indicate that Raab, as receiver, had discharged all the duties which he was required to perform by the court, that he had made a complete accounting, paying the claims of the National State Bank in full, and disposed of all the funds and other property in his hands according to the directions of the court. His receivership, and the action in which he was appointed, seem to have been at an end for all practical purposes. Another receiver had been appointed, but apparently in another case, for property which Raab never had in his possession. The judgment of the district court, accomplishes a just result, and is not shown to be erroneous, as applied to the case, which, for reasons stated, we must presume was submitted to that court. It is, therefore, AFFIRMED.