ELLEN M. KRINGLE, Appellee, v. OLIVER G. KRINGLE, ELIZABETH BROELL, ANNA RHOMBERG, Appellants.

New Trial. A petition for a new trial will be denied, where the
1    offered testimony is largely cumulative and there is no allegation of fraud, accident, mistake or casualty preventing a full development of the case at the original hearing.

Trial De Novo. Where the evidence in an equitable action is not
2    certified and filed in the court below, as required by Code Section 3652, there cannot be a trial *de nova* on appeal.

*Appeal from Scott District Court.*—HON. J. W. BOLLINGER, Judge.

TUESDAY, MARCH 15, 1904.

ACTION in equity to foreclose a mortgage. Decree for plaintiff, and the defendants Broell and Rhomberg appeal.
—*Affirmed.*

*Wm. Graham* for appellants.

*Schmidt & Vollmer* for appellee.

WEAVER, J.—Within a year after the entry of the decree of foreclosure in the trial court, and pending the appeal therefrom to this court, the defendants Broell and Rhomberg filed a petition to reopen the case and for a new trial, which petition was denied, and appeal has also been taken from such ruling. The two appeals have been submitted together.

I. Giving first attention to the application for new trial, we conclude there was no error in the ruling appealed from. Much of the testimony offered in support of the ap-
1. NEW trial. plication was merely cumulative in character, and no good reason is shown why it was not produced upon the original trial. It was testimony, the need and bearing of which were as evident when the issues were first joined as they were eleven months after the trial was over. There is no allegation of fraud by which defendants were misled as to the fact, questions to be tried, or by which evidence in support of the defense was suppressed or concealed; nor is there any showing of accident or mistake or casualty preventing a full development of defendants' case upon the original hearing. If judgments are to be set aside and new trials granted upon such grounds as are here revealed, the litigation of almost any fact, question would become interminable, for it is a matter of common observation that the final disposition of nearly every contested case is followed by the appearance of one or more witnesses who could have unfolded a tale of more or less importance to the parties if he had been called upon. The order of the trial court refusing a new trial is therefore affirmed.

II. Turning now to the principal case, we find the record is incomplete in at least one important particular. Among the defenses pleaded by the appellants was an allega-
2. TRIAL de tion that the debt secured by the mortgage
novo.          sought to be foreclosed had been fully paid, and the mortgage released of record. The release thus relied upon was denounced by plaintiff as a forgery, and this contention the district court found to be true. To aid that court

in its investigation, numerous papers and written instruments alleged or admitted to bear the plaintiff's genuine signature were introduced in evidence for comparison with the disputed signature. These exhibits were also used as the basis of testimony given by expert witnesses upon the genuineness of said signature. None of this evidence, so vitally affecting one of the principal issues in the case, seems to have been preserved or certified for our use. Indeed, the abstract does not allege or make any showing that any of the evidence has ever been certified and filed in the court below, as required by statute to entitle a party to a trial *ne novo* in this court. Code, section 3652. Without all the evidence before us, we cannot properly review the case upon its merits. If, however, we should confine this objection to the one issue of the genuineness of plaintiff's signature, and proceed to consider the other issues raised, we still should reach the conclusion that the decree below must be affirmed. The pleadings do not charge plaintiff with fraud, but it is claimed that the money with which she bought the mortgage was the money of her husband, the defendant Oliver G. Kringle, whose note was secured by said mortgage, and that the alleged purchase of the mortgage was, in equity, a payment and discharge of the debt. Concerning these matters, and others asserted by way of estoppel, the testimony offered by appellants was largely of a circumstantial and collateral character, and the inferences to be drawn therefrom are not of that strong or substantial nature which should appear to justify the court in finding against the right of recovery in the holder of a note and mortgage which are conceded to have been made and delivered upon good and sufficient consideration. The burden was upon appellants to establish their affirmative defense. This they have not done.

We think it unnecessary to set out or discuss in detail the testimony offered on either side. The question is purely one of fact, and one the decision of which can be of no value as a precedent. The record, so far as preserved, sustains the decree of the district court, and the same is AFFIRMED.