Peter Heim and Frank Heim, Jr., Appellants, v. Gustaf Resell and Augusta Resell.

**New trial:** NEWLY DISCOVERED EVIDENCE. An application for new 1 trial on the ground of newly discovered evidence made after expiration of the three days should be by petition, and should be supported by evidence and not merely by affidavits, as where a motion for new trial is made within the three days.

**Same:** DILIGENCE: EVIDENCE. In a proceeding on petition for new 2 trial on the ground of newly discovered evidence, the petitioner must show diligence in seeking to discover and procure the same: And where it appeared that the necessity of the evidence was as apparent upon the trial as afterward, that the witnesses were convenient, and the party made no attempt to procure their attendance or to procure a suspension or continuance of the trial for that purpose, such a showing of diligence as will support the application was not made.

**Appeal:** AMENDED ABSTRACT: MOTION TO STRIKE. A motion to strike 3 an amended abstract because not filed in time will be overruled, where it appears that the same was submitted simply as the basis for a motion to dismiss the appeal.

*Appeal from Allamakee District Court.*—Hon. L. E. FEL-
LOWS, Judge.

MONDAY, DECEMBER 18, 1911.

THIS is a proceeding on a petition for new trial of an
action between the same parties, in which there was a
verdict and judgment for the defendants.   The petition
was supported by affidavits, and on a hearing the lower
court dismissed the petition.   Plaintiffs appeal.—*Dismissed.*

*H. H. Stilwell* and *Douglas Deremore,* for appellants.

*W. S. Hart,* for appellees.

McCLAIN, J.—In the former action, retrial of which
is asked in this petition, the allegations of plaintiffs were
that defendants were indebted to them in the sum of
$108.95 for money loaned by plaintiffs to defendants, with
interest thereon; and in the separate answers of defendants
the allegations of the petition were denied, and it was al-
leged that defendants never had with plaintiffs, or with
any one acting for them, any transactions out of which the
indebtedness sued for arose, or ever received or retained
any money belonging to plaintiffs, not fully accounted for.
The issues in that trial were submitted to a jury under
the evidence presented, and there was a verdict and judg-
ment for the defendants.   In the course of the trial, there
was a contention for defendants that a sum of money had
been paid to plaintiffs by defendants, and to sustain the
testimony for defendants in this respect they attempted to
account for the possession of money from which such pay-
ment could have been made, by testifying to the receipt of
various sums of money from different sources.   In sup-
port of the present petition for new trial, plaintiffs pro-
posed to show that the testimony of the defendants on the

former trial, as to the sources from which these various sums of money were received, was untrue, and in support of the petition affidavits were presented to the lower court of the persons from whom defendants claimed to have received the money that such sums of money were not in fact paid to defendants. The trial court dismissed the petition for new trial, but whether on the ground that no competent evidence in its support was offered, or on the ground that there was no sufficient showing of reasonable diligence to procure such evidence on the former trial, does not appear.

I. Newly discovered material evidence, which could not with reasonable diligence have been discovered and produced at the trial, may be the basis for a new trial under Code, section 3755. In general, motions for new trial must, under the provision of Code, section 3756, be made within three days after verdict, "except for the cause of newly discovered evidence." But, if the application for new trial is made on the ground of newly discovered evidence after the expiration of three days, it should be by petition, as provided in Code, section 4092. *First National Bank v. Murdough,* 40 Iowa, 26. The provisions as to petition for new trial within one year are found in Code, section 4091, in which various grounds are specified, none of them in terms referring to newly discovered evidence; and in Code, section 4092, it is provided that application for such new trial shall be made by petition, as in an original action, and that "the facts stated in the petition shall be considered as denied without answer and tried by the court as other actions by ordinary proceedings." The contention for appellees is that a motion for new trial on the ground of newly discovered evidence, made after three days, but within a year, is to be determined on evidence offered, as in other cases of petition for new trial under Code, section 4091, and that, as in this case the motion or peti-

*1. New Trial: newly discovered evidence.*

tion, whichever it may be called, was supported only by affidavits, and not by evidence offered, there was no basis on which the lower court could have granted plaintiffs any relief; while the contention for appellants is that a motion for new trial on the ground of newly discovered evidence, although made after three days, if presented within a year, may be supported by affidavit to the same effect as though it were made within three days after the verdict, provided, of course, that reasonable diligence is shown in not discovering the evidence in time to have presented it on the original trial. This exact point seems not to have been expressly ruled upon in any of our cases. In *Hunter v. Porter,* 124 Iowa, 351, there was a petition for new trial on the ground of newly discovered evidence, and the court heard testimony in accordance with the provisions of Code, section 4092; and it is said in the opinion, in answer to the objection that the application should have been by motion, and without expressing any opinion as to whether the proper procedure was by motion or petition, that there was no error in proceeding on the petition to hear evidence in its support. In *Scott v. Hawk,* 105 Iowa, 467, there was a demurrer to the petition for new trial, based on the ground of newly discovered evidence, and it is assumed that reasonable diligence must be alleged and proved in such a case. Although the court refers to affidavits in support of a motion for new trial on the ground of newly discovered evidence, there is a quotation in the opinion from *Woodman v. Dutton;* 49 Iowa, 398, in which it is stated that the facts showing diligence may, in support of a motion, be shown by affidavits, but that, on a petition for a new trial, which must be supported by evidence in the ordinary way, it is sufficient as against a demurrer to allege reasonable diligence; the subject being one for proof. We think the plain intimation, therefore, is that on a petition for new trial on the ground of newly discovered evidence the alle-

gations of the petition are to be supported by evidence,
and not by affidavits. We do not regard it as very ma-
terial whether the proceeding is instituted after three days,
and within a year, by motion or by petition. The deter-
mination of the question presented is to be by the court
as in ordinary proceedings, and therefore upon evidence,
and, of course, affidavits do not constitute evidence, and
are not receivable in evidence, unless as authorized by
some statutory provision. Our conclusion is that when an
unsuccessful party desires to secure a new trial on the
ground of newly discovered evidence, by a proceeding in-
stituted otherwise than within three days, as provided in
Code, section 3756, he must support his allegations by
evidence, and that affidavits which might have been re-
ceived on a motion for a new trial, filed within three
days, are not competent or sufficient in themselves to sus-
tain his allegations. The record does not present any evi-
dence offered by appellants in support of their application
for new trial in this case, and the trial judge was justi-
fied, therefore, in dismissing the application.

II. The only showing of diligence is the statement in
the affidavit of counsel for plaintiffs that he did not dis-
cover the falsity of the testimony of defendants as wit-
nesses on the first trial, in regard to the re-
ceipt of sums of money by them, until after
the expiration of the three days allowed for
filing a motion for new trial, when, in taking their depo-
sitions with reference to another matter, they made admis-
sions inconsistent with such testimony; and that he could
not with reasonable diligence have discovered the matter
sooner, or in time for the first trial. Counsel offer on
this trial the affidavits of the persons from whom defend-
ants, as they testified on the first trial, received the sums
of money, to show that they did not receive such money,
and affiants say they are ready to testify as witnesses to
that effect. But it is apparent that when the defendants

2. SAME: dili-
   gence; evi-
   dence.

testified on the original trial that they received certain sums of money from certain specified persons who, as it appears, lived in the neighborhood, and might have been summoned as witnesses, it was plainly incumbent on plaintiffs' counsel, if he deemed it material to meet such testimony, that he call such persons as witnesses, if he was able to secure their attendance, and ascertain the truth as to the matters involved in defendants' testimony. He might have asked a brief suspension of the trial, in order that such witnesses might be brought in, or, if he ascertained that their testimony was material to his case, and he could not secure their attendance, he might have asked for a continuance; and, finally, he might, within the three days allowed for filing a motion for new trial, have ascertained the facts, and presented the affidavits of these witnesses in support of such motion. In that connection, such affidavits would have been plainly competent. The need and bearing of the testimony offered by affidavits in support of the application was as apparent when these defendants testified on the first trial as it is now; and the witnesses by whom such testimony could be contradicted, if it was not true, were then plainly indicated. There is no allegation of fraud, by which plaintiffs were misled into the omission to call such witnesses, nor is there any showing of accident or mistake or casualty preventing a full development of plaintiffs' case upon the original hearing. Under such circumstances, we have often sustained the refusal of the lower court to grant a new trial. *Kringle v. Kringle,* 123 Iowa, 365; *Renshaw v. Dignan,* 128 Iowa, 722; *Benjamin v. Flitton,* 106 Iowa, 417; *Heathcote v. Haskins,* 74 Iowa, 566; *Bailey v. Landingham,* 52 Iowa, 415; *Dettman v. Zimmerman,* 53 Iowa, 709; *Dunlavey v. Watson,* 38 Iowa, 398; *Hopper v. Moore,* 42 Iowa, 563; *State v. Morgan,* 80 Iowa, 413; *Mehan v. Chicago, R. I. & P. R. Co.,* 55 Iowa, 305. There was no such showing of diligence to discover the evidence now relied upon, and to pro-

cure the attendance of witnesses, as would have justified the trial court in sustaining plaintiffs' application.

The motion of appellants has been submitted with the case, in which it is asked that appellees' denial of appellants' abstract and their amended abstract be stricken from the files, because not filed in time. As the amended abstract is submitted only as a basis for a motion by appellees to dismiss the appeal, appellants' motion to strike it must be overruled. It seems to serve no purpose in the case, save as a basis for such motion. Appellees' motion to dismiss is also submitted with the case. It raises some of the questions which have been discussed. We have preferred to treat them as arising on the merits of appellants' application for a new trial. Without such motion, the action of the lower court would have been affirmed, but, as the objections are properly presented by the motion, we can reach the same result by sustaining it.

3. APPEAL: amended abstract: motion to strike.

The appeal is therefore *dismissed.*