PETER HEIM and FRANK HEIM, Appellees, v. GUSTAF RESSEL and AUGUSTA RESSEL, Appellants.

**Pleadings:** PROOF: VARIANCE. In all actions, whether in law or in equity, the proof must conform to the pleadings, and the relief sought must be predicated thereon and not on some other theory.

In this action to foreclose a mortgage the petition proceeded on the theory that the instrument contained a direct promise to pay, and that by indorsement and transfer of the mortgage and indebtedness secured thereby plaintiffs became the owners thereof. The petition asked judgment for the amount of the indebtedness and for foreclosure of the mortgage. Upon the trial it appeared that the debt had been paid and the mortgage released, and plaintiffs sought to recover on the theory that they had loaned money to the mortgagors under an agreement that a mortgage should be given, but some question having arisen as to the priority of a new mortgage over a judgment lien the old mortgage was reinstated and was to stand as security for plaintiffs' loan. The old notes were never assigned to the plaintiffs and no new ones taken. *Held,* that as

the theory relied upon at the trial was in no manner pleaded, but plaintiffs declared therein upon an express promise to pay as contained in the mortgage, they could not recover upon an implied promise to pay their loan.

*Appeal from Allamakee District Court.*—HON. L. E. FELLOWS, Judge.

WEDNESDAY, NOVEMBER 12, 1913.

SUIT in equity to foreclose an instrument in the nature of a mortgage, made by defendants, husband and wife, to Nicholas Meyer, and by him indorsed to plaintiffs. Defendants filed separate answers. Gustaf Ressel denied any indebtedness to plaintiff, and denied that the instrument sued on contained any promise to pay; averred that it was made to secure a written instrument containing a promise to pay; and that this indebtedness had been fully paid. The wife made practically the same answer, and also alleged that she signed no obligation to pay either Meyer or to plaintiffs any sum whatever. Both defendants afterwards pleaded full payment of all indebtedness to the plaintiffs, alleging that the last payment was made on May 2, 1905. Thereafter plaintiffs filed an amendment to their petition, which their counsel say, in an amendment to the abstract, should be disregarded. Upon issues, which are somewhat confused, the case was tried to the court, resulting in a judgment for the plaintiffs in the sum of $268 and costs, and decreeing a foreclosure of the mortgage. Defendants appeal.—*Reversed* and *Remanded.*

*William S. Hart,* for appellants.

No appearance for appellee.

DEEMER, J.—Unfortunately the record is in a very confused state, and appellees' counsel have not seen fit to make any argument, although they have filed two amendments to

the abstract, which have tended to confuse rather than clarify. The suit seems to be upon the following instrument:

Know all men by these presents, that Gustaf Ressel and his wife, Augusta Ressel, of the county of Allamakee and state of Iowa, in consideration of the sum of ($315.00) three hundred and fifteen dollars, in hand paid by Nicholas Myer, in the county of Allamakee and state of Iowa, do hereby sell and convey unto the said Nicholas Myer and to his heirs and assigns, the following described premises, to wit:  The north half of the northeast quarter of section eighteen (18), township ninety-six (96), range three (3) west of the 5th P. M., containing eighty acres more or less.

The intention being to convey hereby an absolute title in fee, including all rights of homestead to have and to hold the premises above described with all appurtenances thereto belonging unto the said Nicholas Meyer or his heirs, executors or administrators to be void upon a condition that the said Gustaf Ressel and his wife, Augusta Ressel, pay to said Nicholas Meyer or his heirs three hundred and fifteen dollars, in the sums and at the times herein specified, to wit:  One hundred dollars to be paid November 15, A. D. 1897, interest 8 per cent.  One hundred and fifteen dollars to be paid November 15, A. D. 1898, interest 8 per cent.  One hundred dollars to be paid November 15, A. D. 1899, interest 8 per cent.

Signed the 3d day of December, A. D. 1896, Gustaf Ressel.  Augusta Ressel.  In presence of John J. Broderick.

This instrument was duly acknowledged, and upon the back thereof was the following indorsement: ''Pay to the order of Peter and Frank Heim.  Nicholas Meyer.''

An action between these same parties evidently involving some collateral matter reached this court some years ago, and was decided in an opinion which is reported in 153 Iowa 356. That case seemed to be to recover an alleged loan of $100 made by Peter and Frank Heim to defendants on or about May 2, 1905.  It seems that the alleged loan was made at the time that the present defendants claim to have paid the indebtedness sued on in this case.  The opinion just referred to was in review of a petition for a new trial by the plaintiffs therein

of an action in which the jury returned a verdict for the defendants. Plaintiffs' theory of the present case as presented by the petition is not only that the instrument set out contained a direct promise to pay, but that (and we here quote from the petition) :

Par. 4.   The indorsement set out in paragraph 2 upon the back of said instrument was placed thereupon by Nicholas Meyer on or about the 12th day of August, 1902, at which time the said Nicholas Meyer sold, assigned, and transferred the indebtedness evidenced by the said instrument in writing by writing the indorsement upon the back of said instrument, and by delivering the said instrument to the plaintiffs, that became and has ever since been their property, and the indebtedness evidenced and secured thereby became and has ever since and is now their property.

Par. 6.   The plaintiffs admit that the interest has been paid in full to December 3, 1901, and that the item of $115, due November 15, 1898, has been paid in full, and that the defendants have paid to apply on the interest since this indebtedness became the property of plaintiffs $24, and no more.

The prayer was for judgment for the amount of the indebtedness "set out herein," with a decree for the foreclosure of the instrument as a mortgage.

Because of a dispute in the record, we have been compelled to go to the transcript in order to discover just what the trial was about. As we understand it, plaintiffs claim that the mortgage or deed in suit was given to Meyer, the grantee therein, to secure the sum of $315, borrowed from him at about the time the instrument bears date; the indebtedness being evidenced by three notes, the last maturing some time in the year 1899. Some time in the year 1898, or perhaps a little later, a threshing machine company obtained judgment against the defendant Gus Ressel for the sum of $325. All of the interest on the mortgage indebtedness down to some time in August of the year 1902, with $115 of the principal, was paid to Meyer, the mortgagee. Desiring the balance of the principal, he pressed defendants for payment, and it is

claimed that Mrs. Ressel (her husband then being away from home) went to the plaintiffs to obtain a loan of $200 whereby to satisfy the Meyer mortgage. At any rate they furnished her money, and Meyer's indebtedness was satisfied, and Meyer canceled the mortgage on the margin of the county records on October 4, 1902, and it is claimed by defendants that the notes and the mortgage given to secure them were turned over to Mrs. Ressel. Some time after this some one representing the plaintiffs asked Mrs. Ressel to make a mortgage upon the property in controversy to secure the $200 loan made to her or to her and her husband. Pursuant to this request they went to an attorney at Waukon, who, it seems, had the threshing machine judgment for collection, and he represented that, if a new mortgage was made, the judgment would become prior thereto, and that the judgment would have to be paid. Consequently no new mortgage was made. Shortly thereafter one of the plaintiffs, or some one representing them, asked to see the old Meyer mortgage, and the parties then went to a neighboring justice of the peace, and after some negotiations and pursuant to his advice made the following entry: ''For a valuable consideration the within mortgage is hereby asigned by me to Frank Hyme this 12th day of August, 1902. —————————. Before Patrick Cahalan, Justice of the Peace.'' The instrument was then delivered to the Heims. Thereafter the full indorsement was made upon the back of the instrument as appears in the statement heretofore made. Defendants or one of them paid the interest on the $200 Heim loan for the years 1902 to 1904, and receipts were given for these payments. As the judgment against Ressel was not paid, the attorney pressed them for payment, and finally offered to compromise and settle it for $140; but plaintiffs' representative undertook to settle it for $100. It seems that plaintiffs were interested in getting this judgment settled because they found it was prior to their claim under the mortgage. Defendants claim that they accepted this proposition to settle for $100, and it is claimed they also wanted

the mortgage indebtedness settled, and after figuring the amount due on the $200 loan the parties all went to see the attorney who had the judgment for collection. It is claimed by defendants that they took from $350 to $375 with them to satisfy the judgment and the claim for borrowed money, and that they, on that day, to wit, May 2, 1905, paid plaintiffs the amount due them, with interest. It is also claimed that at this time the defendants practically settled the judgment; Ressel paying in all the sum of $105, and securing a satisfaction of this judgment in so far as he was concerned. Plaintiffs have an entirely different version of the matter. They say that, instead of receiving any money on the day in question in payment of their loan, they in fact furnished the Ressels with $100 of the money used to pay the judgment, and that they received not a cent on their previous loan. They brought this suit August 11, 1906, claiming the full amount of $315, but afterwards amended, asking judgment for $255.52. On the day they filed the amendment they also brought a law action to recover $100 they claim to have advanced to settle the judgment. This law action was first tried resulting in a judgment for the defendants. Appeal was taken to this court; but the appeal was dismissed on motion. Plaintiffs then filed a petition for a new trial; but this was denied, and on appeal to this court the order was affirmed. See *Heim v. Resell*, 153 Iowa, 356.

Plaintiffs claim that defendants did not have the money necessary to pay the amount due them and the judgment, and they introduced some testimony to show their resources. This was met by testimony of ability introduced on the part of the defendants. This is but a bald outline of the case, and, if this were all, it would appear that plaintiffs should not have recovered upon their petition, for the reason that it is not based upon any loan of money, but upon the alleged promise to pay contained in the deed or mortgage. To meet this situation, plaintiffs adduced testimony tending to show that when the money was loaned security by mortgage on the land

was promised, and that, while the money was advanced to pay the Meyer mortgage, and not to take an assignment thereof and the notes securing the same, it was agreed defendants should execute a note for the amount loaned and to secure it by mortgage upon the land. They also adduce testimony to show that when a question arose about the priority of the judgment, in case a new mortgage was made, an assignment of the mortgage to secure the $200 was suggested, and that pursuant thereto the indorsements and assignments upon the back of the old Meyer mortgage were made, although, as we understand it, at that time the mortgage had in fact been released of record. No new notes were ever executed, and the notes held by Meyer were never indorsed to plaintiffs. If these facts were true, they would doubtless afford plaintiffs grounds for relief in equity, for equity regards that done which should have been done, and looks rather to the substance than to the form of a transaction. But the trouble here is that plaintiffs have no pleading upon which to predicate such relief. The form of their pleadings has already been noticed, and they do not suggest any such facts as the testimony tended to prove, and as plaintiffs are now relying upon.

In every case, whether at law or in equity, the proofs must correspond with the allegations of the petition, and the relief must be predicated thereon, and not upon some other theory, either concealed or omitted. This is fundamental law, for which no citation of an authority is needed.

Plaintiffs in the petition seem to rely upon the mortgage or deed as containing promises to pay; but we find nothing therein which would justify a recovery. On their own theory the mortgage was at one time canceled of record, and they seek to reinstate it upon the proposition that by agreement it was to stand as security for a new loan made by plaintiffs to the defendants, and the primary right is upon the implied, if not express, agreement of defendants to repay the loan. No such theory is suggested in the pleadings, and plaintiffs

should not have been given judgment upon the mortgage as containing a promise to pay, especially in view of the fact that according to the admitted facts Meyer's notes, which the mortgage was made to secure, were fully paid, and the mortgage satisfied and canceled of record.

As this disposes of the case, we have no occasion to consider defendants' plea of payment of the amount of the loan.

For the reasons pointed out, the decree must be reversed, and the case remanded for one in harmony with this opinion. —*Reversed* and *Remanded.*

WEAVER, C. J., and GAYNOR and WITHROW, JJ., concur.