Adeline S. Abell et al., Appellants, v. Florence Shipley Partello et al., Appellees.

JUDGMENT: Vacation—New Trial—Perjury. Perjury on a material
1    issue in a cause will not be recognized in an equitable action as sufficient ground to vacate a judgment or decree and to grant a new trial after the expiration of one year from the entry thereof. (See Book of Anno., Vol. 1, Sec. 11550, Anno. 128 *et seq.*; Sec. 12787, Anno. 58 *et seq.*)

JUDGMENT: Vacation—Equitable Action After One Year. What ex-
2    act limitations a court of equity will impose on itself in exercising its power to vacate a judgment or decree and to grant a new trial because of evidence discovered after the expiration of the statutory one year for vacation and new trial, *quaere* (Sec. 12787 *et seq.*, Code of 1924); but such power will not be exercised either (1) when the new evidence was or ought to have been discovered during said statutory period, or (2) when such evidence falls far short of presenting strong equitable considerations, is largely incompetent, and, within the range of competency, is a double-edged sword which militates strongly against the equities of the applicant.

Headnote 1:   34 C. J. p. 481.   Headnote 2:   34 C. J. p. 479.

Headnote 1:   10 L. R. A. (N. S.) 216; 15 R. C. L. 705.   Headnote 2: 15 R. C. L. 755.

*Appeal from Palo Alto District Court.*—D. F. COYLE, Judge.

JANUARY 18, 1927.

This is a bill in equity, asking to vacate a judgment and to award a new trial. The district court dismissed the petition, and the plaintiffs have appealed.—*Affirmed.*

*McCarty & McCarty, Charles V. Imlay,* and *Arthur W. Smith,* for appellants.

*Deacon, Good, Sargent & Spangler* and *W. H. Morling,* for appellees.

EVANS, J.—The judgment under attack was a decree entered in the same court in the case of *Partello v. White,* wherein the plaintiff in that case (defendant in this) obtained decree, and wherein such decree was affirmed in this court. See *Partello v. White,* 197 Iowa 24. The salient facts, and the principal questions involved, are set forth in our opinion in the cited case. The facts set forth therein and the questions discussed therein may be deemed incorporated herein by this reference, and we shall avoid herein, as far as possible, undue repetition. The decree in that case was entered in November, 1921. The petition herein was filed in March, 1924. The grounds for a new trial stated in such petition are: (1) Fraud in obtaining the same; (2) newly discovered evidence.

The original suit was brought by Florence Partello against the plaintiffs herein, as the defendants therein, and against the executors of the estate of D. J. Partello, Sr., to enforce specific performance of an agreement to make a will. The controversy was over the title to a farm of 480 acres in Palo Alto County, Iowa. This farm was owned in his lifetime by Partello, Sr., who resided at Washington, D. C., and who died in August, 1920. His son, D. J. Partello, Jr., had preceded him in death in January, 1920. Mrs. Abell and Mrs. Horst were the only surviving children of Partello, Sr., and were devisees under his

will. In May, 1912, Partello, Sr., had executed his warranty deed of the farm in question to his son, Partello, Jr., and sent the same to him by mail. This deed was held by Partello, Jr., unrecorded, and was in his possession at the time of his death. Upon the death of Partello, Jr., the father purported to renounce the deed, and demanded possession thereof from the widow, Florence Partello, on the ground that it had been delivered to his son only on condition that it should become void in the event that the son should predecease the father. This demand was resisted in the first instance by the widow, Florence Partello, and the controversy thus resulting was compromised by an agreement whereby Partello, Sr., agreed to execute, and did then and there execute, a codicil to his will, devising such farm to said Florence. In consideration of the execution of such codicil, Florence surrendered the deed. This codicil was later revoked by Partello, Sr., by the execution of another codicil, whereby he devised the farm in equal parts to Florence and his two daughters. The decree in the original suit sustained the agreement of compromise, and decreed the same obligatory upon Partello, Sr., and awarded to the plaintiff therein the title to the farm, pursuant to such agreement.

The fraud charged in the present bill amounts to a charge of perjury against Florence Partello, in that she knew the conditions under which her husband had received the deed from his father, and that she falsely concealed and denied such knowledge. The newly discovered evidence relied on consists mainly in the testimony of two witnesses, Mrs. McElwee and Miss Helmick. The testimony of these two witnesses tended to show that they had seen in the hands of Partello, Sr., in the year 1918 or 1919, a writing purporting to recite the conditions upon which the deed in question was delivered to Partello, Jr., and that the same purported to be signed by Partello, Jr. Some of this testimony also purported to recite a conversation had with Partello, Jr., and also participated in by Partello, Sr., in the year 1913, in the city of Berlin, Germany, wherein the conditions attending the delivery of the deed in question were recited, and were mutually acquiesced in by father and son. The witness Mrs. McElwee also produced a letter which she had received from Partello, Sr., bearing date March 19, 1920, wherein Partello, Sr., recited all the purported facts and condi-

tions attending the delivery of such deed, and wherein also he purported to recite the transaction following the funeral of his son, and had in the city of Chicago, wherein he executed a codicil to his will, and received from Florence Partello the return of the deed formerly held by the son. This evidence, so far as it were admissible, tended to support the contention of the executors and devisees of Partello, Sr., that the delivery of the deed in question to Partello, Jr., was conditional. The fraud charged against Florence Partello is that she knew these facts, and falsely testified in contradiction thereto. The charge of fraud, therefore, is the resultant of the alleged newly discovered evidence bearing on the material issues of the original case. The proof of such fraud is wholly dependent upon such newly discovered evidence. Such newly discovered evidence being contradictory to the testimony of Florence Partello on the original case, it is deemed by the appellant to be sufficient proof of perjury on her part; and it is considered that perjury upon a material issue necessarily constitutes fraud. In other words, the fraud charged in the petition consists of the perjury of Florence Partello, as a witness on the trial.

The rule is settled, under our previous cases, that the fraud of which a court will take cognizance in an equitable proceeding to vacate judgment or decree after the expiration of one year must be such as was collateral to the proceeding and issues in the original case. The fraud charged cannot be predicated upon a conflict of evidence in the trial, nor even upon perjury committed therein. The relative weight of evidence and all charges and countercharges of perjury are deemed necessarily adjudicated in the original proceeding. This was expressly held in *Croghan v. Umplebaugh,* 179 Iowa 1187; *Holmes v. Holmes,* 189 Iowa 256; *Hedrick v. Smith & Reed,* 137 Iowa 625; *Graves v. Graves,* 132 Iowa 199; and *Conrad v. Hopkins,* 195 Iowa 1162, 1167. In the case last cited, we quoted with approval the following, from *Pico v. Cohn,* 91 Cal. 129 (13 L. R. A. 336):

1. JUDGMENT:
vacation: new
trial: perjury.

"When parties have once submitted a matter, or have had the opportunity of submitting it, for investigation and determination, and when they have exhausted every means for reviewing such determination, * * * it must be regarded as final and conclusive, unless it can be shown that the jurisdiction of the

court has been imposed upon, or that the prevailing party, by some extrinsic or collateral fraud, has prevented a fair submission of the controversy. What, then, is an extrinsic or collateral fraud, within the meaning of this rule? Among the instances given in the books are such as these: Keeping the unsuccessful party away from the court by a false promise of a compromise, or purposely keeping him in ignorance of the suit; or where an attorney fraudulently pretends to represent a party, and connives at his defeat, or, being regularly employed, corruptly sells out his client's interest. *United States v. Throckmorton*, 98 U. S. 65, 66.''

We must, therefore, hold herein that the charge of fraud, as distinguished from the alleged newly discovered evidence, can afford plaintiffs no standing ground.

On the question of newly discovered evidence, it is insistently urged by the appellees that such alleged newly discovered evidence does not constitute a proper ground for vacating a 2. JUDGMENT: vacation: equitable action after one year. judgment by equitable decree after the expiration of one year. On the other hand, it is contended by the appellants that they may, by bill in equity, after the expiration of one year, obtain the vacation of a judgment, upon any of the grounds enumerated in Section 12787, Code of 1924.

We have uniformly said, usually by way of argument, that a court of equity does have power upon equitable grounds to vacate a judgment after the expiration of one year. *Ruppin v. McLachlan*, 122 Iowa 343; *First Nat. Bank v. Murdough*, 40 Iowa 26; *Lumpkin v. Snook*, 63 Iowa 515; *Graves v. Graves*, 132 Iowa 199; *Heim v. Resell*, 153 Iowa 356. We have also said that a court of equity, in the exercise of its power, is governed by the provisions of Code Section 12787 as it existed in prior codifications. What is the nature or form of the equity, as distinguished from statutory right, which will justify a court of equity in exerting its power, is a question which has not been decided or considered. In none of the above cited cases has the court ever *sustained* the prayer for relief.

It is true, however, that, in *Hoskins v. Hattenback*, 14 Iowa 314, a judgment was vacated in equity, after the expiration of one year, and the decree was sustained in this court. At the time the original judgment was entered in that case, there was

no time limitation for the vacation of a judgment by petition on the ground of newly discovered evidence. Section 3116 of the Revision of 1860 was enacted thereafter. This is the section which now appears as Section 12790, Code of 1924. Upon the record before us, we have no occasion to say any more than we have said before, as to the limitations which a .court of equity will impose upon itself in the exercise of its power to vacate a judgment after one year. Clearly, it will not exercise its power except upon a strong showing of equitable considerations.

One all-sufficient reason against its exercise of such power which appears upon this record is that, as early as December 29, 1921, the appellants herein did discover sufficient alleged new evidence to warrant the granting of a new trial. This appears from a letter written by one of them to the appellee. They had the statutory right at that time to file their petition for a new trial and to support it by a proper showing. The fact that their grounds were so discovered, or with reasonable diligence could have been discovered, within the year, operates as a bar to the equitable jurisdiction.

The other sufficient reason is that the alleged newly discovered evidence disclosed at the hearing is not of such weighty and satisfactory character as to warrant a court of equity in vacating the judgment or awarding a new trial. The most that can be said for it is that it tends to prove that Partello, Sr., did hold, at one time, and perhaps at the time of the death of his son, the written acknowledgment of the son that he .held the deed subject to the condition that it should become void if his father survived him. Such condition was wholly for the benefit of Partello, Sr., and could be waived or relinquished by him at any time. Florence Partello was under no ban to challenge the legal validity of such an instrument or to dispute its existence as a matter of fact; and this is so even though her attitude might be a mistaken one. Her title, as adjudicated in the original suit, was made to rest, not upon this deed, but upon the agreement of Partello, Sr., to make the devise, and upon his actual performance of such agreement in the execution of a codicil then and there. If he had such written agreement of his son, he knew it. And he also knew that Florence Partello had never seen it, and that, if she knew it, it was only by information from her husband. In the controversy which arose be-

tween him and her over the legal validity of the deed, it was his privilege then to have submitted the written agreement for her inspection. It was likewise his privilege to stand upon it, without so submitting it. The deed in the possession of the son, at the time of his decease, carried its own presumption, and cast upon Partello, Sr., a burden to overcome. With full knowledge of the written evidence which he had in his possession, he chose to compromise. Of what avail is it, therefore, to prove now that the evidence in his possession was weighty, and that he could have won the controversy, and that the compromise was unnecessary? If appellants' argument were tenable, no compromise could ever be effective to compose litigation. Were we to concede that the evidence exhibited by the appellant as grounds for a new trial was sufficient to establish indisputably the existence of the written conditions of agreement, even so nothing more were established than Partello, Sr., knew when he entered into the compromise.

When to the foregoing considerations is added the consideration of the infirmities of the offered evidence, it removes the appellants still farther from the goal of success. Much of the offered evidence of the two witnesses is quite incompetent. This is pre-eminently so as to the letter Exhibit F, purporting to have been written under date of March 19, 1920, by Partello, Sr., to Mrs. McElwee. In so far as the letter could be of any value to the appellants, it is wholly self-serving. It purports to be a recital of his experience in obtaining possession of the deed in January previous, from Florence Partello. Appellants predicate their argument for its admissibility upon that rule of evidence which permits even a self-serving declaration, either oral or in writing, to be admitted for certain limited purposes. The most usual ground of such admissibility is that the declaration may be admitted as evidence of the state of mind or intent of the writer thereof, when it is material to prove such state of mind. In other words, a letter may be deemed to reflect the mind of the writer at the time of the writing thereof. This rule furnishes no aid to appellants. It is not material in this case to show the state of mind of Partello, Sr., on March 19, 1920. Appellants' argument seems to assume that the letter is admissible as evidence of the state of mind of Partello, Sr., at a past or previous time. This is a mistaken assumption. A

present recital in the letter of a previous state of mind of the writer is no more admissible in proof of such fact than any other self-serving declaration therein. Moreover, the letter contains admissions which would be available to the appellee, and which confirm the agreement of compromise under which the deed was received back, and which confirm the fact that the codicil was then and there executed, all as found by the decree in the original suit. The explanation offered is that the codicil was executed with mental reservations, and with a secret intent to revoke the same, upon arriving home. So that, if this letter had been introduced in evidence at the original trial, these admissions would have sealed with certainty the findings of the court as to the existence of an agreement to devise.

Appellees challenge this letter quite vehemently as a fabrication. We are impressed quite otherwise from the record. The record discloses Partello, Sr., as a man of considerable distinction and ability, and as one who held high positions in the consular service in Europe for many years; and yet it shows him also to have been a verbose and eccentric man, and one quite given to the recital of the details of his private affairs. The letter in question purports to have been dictated to a stenographer, and covers nine typewritten pages of legal cap. It is printed in the abstract in small type, and solid, and covers approximately nine printed pages. It is such a letter as could have been written by a garrulous man, whose mind had been absorbed in his own private troubles, and such a one as no one could have fabricated.

We see nothing to be gained by further consideration of the details of the evidence. Sufficient to say that the burden upon the plaintiffs in such a suit as this is not merely to show that error was committed on the trial, nor to show that the evidence now exhibited would have made a stronger case for them on the original trial. The burden is upon them to exhibit *now* sufficient evidence in support of the grounds pleaded, which would justify the court in saying that a different result would be warranted unless such evidence were met or avoided upon such new trial. The plaintiffs are not entitled to an experimental or tentative vacation of the judgment, whereby they may "try again." Section 12796, Code of 1924; *Loos v. Callender Sav. Bank,* 174 Iowa 577. The material issue in the original suit

was. whether Partello, Sr., had agreed for a proper consideration to devise this property to his daughter-in-law. That would remain the material issue upon a new trial. There is nothing in the newly discovered evidence offered for our consideration which negatives the finding of the original decree on such question. On the contrary, the letter Exhibit F expressly confirms it.

We do not overlook the argument that there was no consideration for the agreement of compromise. But this proposition is itself only argumentative. It rests upon the further argument that, because Florence Partello had no right to the deed, and because she knew she had no such right, then she had no case, and there was nothing to compromise. This is only an asking to litigate the original controversy, notwithstanding the compromise. In the eyes of a litigant, the case of his adversary usually seems *mala fides*. A controversy may be in good faith even though in fact one of the parties has no case. Even so, he has a right to litigate the question in dispute. The very purpose of a compromise is to avoid the litigation. When entered into, its protection, like the rain, falls alike upon the ''just and the unjust'' parties.

In view of the foregoing considerations, we withhold opinion upon what abstract hypothesis of fact would be sufficient to enable a court of equity to exercise its power to vacate a judgment after the expiration of one year. We leave that question precisely where the prior decisions leave it. It is our conclusion that, upon this record, and for the reasons indicated herein, the district court properly dismissed the bill.

Its order is, accordingly, affirmed.—*Affirmed.*

STEVENS, DE GRAFF, and ALBERT, JJ., concur.

MORLING, J., not participating.