F. C. LOVRIEN, appellant, v. H. E. ROWE, appellee.

No. 49819.

(Reported in 100 N.W.2d 166)

454

December 15, 1959.

Rehearing Denied February 11, 1960.

I. J. Hossack, Cornwall & Cornwall, all of Spencer, and Alan Loth, of Fort Dodge, for appellant.

Pendleton & Pendleton, of Storm Lake, and John A. Malone, of Sioux Rapids, for appellee.

Garrett, J.—This appeal is from the denial of a petition for a new trial on the ground of material evidence, newly discovered, under Rules of Civil Procedure 252(f) and 253.

F. C. Lovrien and H. E. Rowe owned, together, four hundred acres of land in Fayette County. Lovrien managed it for several years and at all times made the income tax returns for the joint venture. After 1947 until the land was sold, Rowe looked after it and collected the rents, income and profits therefrom. The parties could not agree as to a division of the proceeds of the sale of the land and personal property following dissolution of the partnership, and Lovrien, being unable to get an accounting from Rowe which suited him, brought suit. The petition was filed on November 14, 1952, amended April 29, 1953, amended again on May 19, 1953, and again on May 21, 1954. Answer was filed December 2, 1952, and amended December 1, 1953. Plaintiff filed his reply April 17, 1953, and amended it April 29, 1953. An additional reply was filed December 9, 1953, and amended May 21, 1954.

On July 21, 1954, pursuant to order to recast the pleadings, plaintiff filed a substituted petition which was attacked by successive motions for more specific statement. On October 12 and on November 26, 1954, the petition was amended to conform to rulings on the motion.

The trial began on June 23, 1955, recessed on June 24, 1955, and resumed October 27, 1955, and concluded on November 23, 1955. The court's findings, conclusions and decree were filed August 13, 1957. The court determined that Lovrien owned 53.335% and Rowe 46.665% of the land and divided the proceeds of the sale of the land and the personal property accordingly. The decree also took into account the income and expenditures as to the various items disclosed on the original trial. Disputes regarding those items were decided. The result was a judgment for Lovrien for $2109.64 against Rowe on the accounting.

Appellant's motion for a new trial as amended was filed August 22, 1957, and amended again on August 31, 1957. On October 18, 1957, appellant filed a "petition to vacate judgment and decree and grant new trial for newly discovered evidence."

The above dates are not important here except to show the time consumed by the parties as it might have some bearing on the question of the diligence of the appellant in his efforts to secure evidence available to him at the time of the original trial. It may be said the litigants and their counsel were confronted with some real problems in this case. The trial reporter died without having prepared a transcript of the original proceedings, and a transcript of the evidence not being available, the pleadings, certain exhibits, the findings of fact, conclusions of law, motions filed and rulings of the court thereon were certified as the record. The court required that the record show Fred Lovrien took care of the farm and kept the records from 1937 to 1944 inclusive.

In his petition for a new trial, appellant alleged that since the filing of the decree, plaintiff has discovered material evidence which he did not and could not, despite reasonable diligence, discover before or at the trial of this action. He set out various items such as this: "(A) Plaintiff has discovered that defendant had charged $600 against the joint account for the purchase of a tractor referred to as 'the Edwards Tractor in May 1945'; and plaintiff has discovered since the trial that he did not account or pay over the $734 which he received from Orson Kauffman to whom he sold the tractor." To an amendment to his petition for a new trial he attached his affidavit setting out an itemized

.statement of the alleged newly discovered items, aggregating $30,214.54.

On July 14, 1958, the court entered the following order: "Plaintiff's motion to vacate the judgment and decree and grant a new trial on the grounds of newly discovered evidence is over-ruled." Plaintiff filed on August 7, 1958, notice of appeal, "From the final judgment on August 13, 1957, and from all rulings and orders inhering therein, and from denial of plaintiff's motion * * * for new trial; * * *."

I. Appellant's first proposition for reversal is that the court erred in not sustaining the petition for new trial "since it shows all elements for such new trial and nothing in the record warrants their rejection."

Rule 252 provides: "Judgment vacated or modified—grounds. Upon timely petition and notice under rule 253 the court may correct, vacate or modify a final judgment or order, or grant a new trial on any of the following grounds: * * *

"(f) Material evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at the trial, and was not discovered within the time for moving for new trial under rule 244."

When the petition for a new trial was submitted, no hearing was actually had and no evidence was offered or received unless the affidavit of appellant, attached to and made a part of his petition, is to be regarded as evidence and there was no specific offer as such.

Rule 253 provides: "(a) *Petition*. A petition for relief under rule 252 must be filed in the original action within one year after the rendition of the judgment * * *. It shall state the grounds for relief, and, if it seeks a new trial, show that they could not have been discovered in time to proceed under rule 236 or 244, and were discovered afterwards. * * * It shall be supported by affidavit as provided in rule 80(b). * * *

"(c) * * * The petition shall stand denied without answer; otherwise the issues and pleadings, and form and manner of the trial shall be the same, as nearly as may be, as in the trial of an ordinary action to the court, and with the same right of appeal."

Appellee contends "There was no evidence offered in support of the petition for new trial. No testimony was taken and no exhibits were introduced or made a part of the record." This calls for a construction of that part of rule 253 quoted above. The question arises, was the affidavit of Lovrien in support of his petition evidence on the trial of the issues raised by his petition? We hold that it was not and that no other evidence having been offered, the action of the trial court must be affirmed. Rule 253 provides the petition "shall be supported by affidavit as provided in rule 80(b)." Rule 80(b) provides: "Any motion asserting facts as the basis of the order it seeks, and any pleading seeking interlocutory relief, shall contain affidavit of the person or persons knowing the facts requisite to such relief. A similar affidavit shall be appended to all petitions which special statutes require to be verified."

Supposing, as appellant contends, the affidavit were to be considered as evidence offered and that there was no denial thereof, except the denial of the petition as provided by rule 253(c), would the court be compelled to accept the affidavit as a verity? Generally speaking, evidence which is not denied is taken as true, but the rule is not absolute. The court made no findings of fact so it may fairly be assumed it considered no evidence had been offered.

Rule 116 provides: "Proof of facts in motions. Evidence to sustain or resist a motion may be by affidavit or in any other form to which the parties agree or the court directs. The court may require any affiant to appear for cross-examination." The above rule relates to evidence to sustain or resist motions rather than petitions but it would seem illogical to make a more liberal rule of evidence when a petition, triable as in ordinary actions, is involved. Under the above rule the evidence "may be by affidavit or in any other form to which the parties agree." There was no agreement the evidence might be by affidavit in the instant case.

In Heim v. Resell, 153 Iowa 356, 359, 360, 133 N.W. 881, 882, we said: "We think the plain intimation, therefore, is that on a petition for new trial on the ground of newly discovered evidence the allegations of the petition are to be supported by evidence, and not by affidavits. * * * The determination of the

question presented is to be by the court as in ordinary proceedings, and therefore upon evidence, and, of course, affidavits do not constitute evidence, and are not receivable in evidence, unless as authorized by some statutory provision. Our conclusion is that when an unsuccessful party desires to secure a new trial on the ground of newly discovered evidence, by a proceeding instituted otherwise than within three days [now ten days] * * *, he must support his allegations by evidence, and that affidavits which might have been received on a motion for a new trial, filed within three days, are not competent or sufficient in themselves to sustain his allegations. The record does not present any evidence offered by appellants in support of their application for new trial in this case, and the trial judge was justified, therefore, in dismissing the application."

In Pyle v. Herring, 185 Iowa 646, at 650, 164 N.W. 173, at 174, it is said: "It was incumbent upon the plaintiff to offer the evidence relied upon as in an ordinary proceeding, so that the court could determine whether the same was cumulative, material, or competent to establish any issue in the case. Town of Manson v. Ware, 63 Iowa 345; Heim v. Resell, supra.

"Had affidavits or secondary evidence been offered, and the defendant failed to object thereto, he would have waived the right to thereafter complain because the best evidence had not been produced. This is the effect of the holding in National St. Bank v. Boesch & Son, 90 Iowa 47, cited by counsel for appellee. But the alternative of objecting to inadmissible testimony or waiving such objection was not presented, as no evidence of any character was offered upon the hearing. Surely, counsel for appellant was under no obligation to demand the introduction of evidence to sustain the allegations of plaintiff's petition, but had the undoubted right to await the offer thereof, and then object thereto, if they desired to do so. The point presented is not one where counsel has neglected to object when objection should have been made, and permitted their adversary to introduce improper testimony, but a situation in which no evidence was offered."

As stated no evidence was offered in support of petition for a new trial. Appellant contends the affidavit attached to the petition, not being denied, must be considered by the court as

true and as competent proof of appellant's claim. "The petition shall stand denied without answer." Rule 253(c). It incorporated therein by reference and made a part thereof the affidavit relied on and it was thus denied by operation of law. The appellee was relieved of any duty to further resist the affidavit until it was offered as evidence on the trial.

II. We are disposed to say that the petition and supporting affidavit are sufficient on their face to entitle appellant to a new trial if properly sustained by competent proof, providing of course that appellant could not with reasonable diligence have discovered the material evidence "in time to proceed under rule 236 or 244." The trial court could properly find on the record that appellant could with reasonable diligence have discovered, before or during trial, the evidence he claims is newly discovered and that he should have produced it at the trial.

Appellant makes a point of the fiduciary relationship of the parties. The court in its findings of fact stated: "Plaintiff testified that soon after the July [1952] settlement he discovered that the defendant's representations were untrue and notified the defendant that he was rescinding the July agreement and demanded further accounting." The parties were thereafter dealing at arm's length. The original action was commenced in November 1952, trial began June 23, 1955, recessed June 24, 1955, resumed October 27, 1955, and concluded November 23, 1955. The so-called key exhibit was appellee's account book bearing Exhibit No. 42. It is true appellee kept this book from appellant until the trial when it became a court record. The court had the case under advisement for some twenty months until August 13, 1957. While we feel the case might have been decided sooner we are constrained to say that the court's "Findings" show an exhaustive study of the case including numerous exhibits and a most comprehensive statement of the material facts. Both sides were represented by able counsel and appellant, himself, is a lawyer. The case was no doubt well and skillfully tried. The exhibits included bank statements and many other documents throwing light on the case. The newly discovered evidence, it is claimed, consists of items contained in Exhibit No. 42 and items which appellant was able to learn from a study of the exhibits.

The trial court has large discretion in the matter of granting a new trial and we will not interfere with its ruling unless it is reasonably clear that there was an abuse of discretion. Groves v. Groves, 248 Iowa 682, 82 N.W.2d 124, and cases therein cited. 66 C. J. S., New Trial, section 201.

It is our opinion there was no abuse of discretion on the part of the trial court in overruling plaintiff's petition.—Affirmed.

All JUSTICES concur.